Jones, J.
 

 For the purposes of this case the demurrer concedes the truth of the allegations contained in the petition. It is therein alleged that the relators by filing their original plans and .specifications on March 13, 1924, and by preparation of their corrected plans and specifications, had complied with the building code of Cincinnati in force prior to May 4, 1924. It is manifest, therefore, that the relators were entitled to a building permit from the respondent, unless the latter was prevented from issuing the same by reason of the adoption by the city council of the two subsequent ordinances relating to the zoning of the city.
 

 The relators contend that they were entitled to a reissue of the building permit by the commissioner of buildings for two reasons: First, that the original zoning ordinance, which became effective May 4, 1924, was unconstitutional and void; and, second, if such ordinance was valid, that the subsequent or “Duttenhofer” ordinance, passed September 2, 1924, excepted the relators from the operation of the original ordinance, and, as relators had filed their corrected plans and specifications prior to May 4, 1924, in accordance with the terms of the “Duttenhofer ordinance,” they were not affected by the zoning ordinance previously adopted.
 

 Since cases involving the constitutionality of
 
 *407
 
 various zoning plans are now before this court for future consideration, we announced to counsel that this court would not pass upon the constitutional validity of such ordinances until counsel interested therein should have an opportunity to present their various cases. However, in view of the insistency of counsel in the 'instant case for its early consideration, and because of delay in extensive contemplated improvements by applicants for permits who have complied with the provisions of the “Duttenhofer ordinance,” this court agreed to determine whether the latter ordinance would relieve such applicants for building permits from the operation of the zoning ordinance.
 

 We do not pass upon the constitutionality of the first or original zoning ordinance adopted April 1, 1924. In the posture this case has now taken we will assume that the city council had power to pass that ordinance, and that the same was constitutional and valid.
 

 If valid, was the passage of the second or “Duttenhofer” ordinance of September 2, 1924, relieving those who had applied for building permits, or to whom such permits were issued prior to May 4, 1924, within the power of the city council? The “Duttenhofer ordinance,” although referring to the zoning ordinance, does not purport to amend cr repeal it. It is a separate and independent ordinance which designates a class of persons who are exempted from the operation of the zoning ordinance, and its distinct purpose was to grant relief to those who had made application for permits prior to May 4, 1924, when the zoning ordinance went into effect.
 

 
 *408
 
 The principal question presented is whether the city council at the time of the passage of the zoning ordinance had the power to make a classification which would exempt those who had applied for or secured permits prior to or at the time of its adoption. If there be a real basis for such classification, and if the same be not unwarranted, or arbitrary, the city council undoubtedly could recognize such class and exempt it from the operation of the zoning ordinance. The city council might well recognize the fact that there were applicants who had secured plans and specifications, had filed the same with the building commissioner, and had expended money upon the faith of the building code as it theretofore existed. We see no reason why the city council could not recognize the fact that such a class existed, and therefore relieve those within the class from the operation and effect of a zoning ordinance adopted by it. As the classification here attempted cannot be held to be unreasonable, the city council undoubtedly had the power to exempt such class from its operation when it adopted the original zoning ordinance. Since that power existed, the' city council likewise had the power, if it deemed that such applicants for permits had not been justly dealt with or needed relief, to do that which it could have done when it adopted the original ordinance. The legal principle here announced is similar to that applied to curative laws validating irregular or void proceedings. It is generally held that a legislative body may pass such laws if in the first instance it had .plenary power over the subject, and at the time could have avoided the irregularity. The con
 
 *409
 
 stitutional validity of legislative curative provisions is upheld where they do not affect vested rights secured under the original law. So far as this record appears no vested rights have been interfered with. If there be a vested right, it would accrue in favor of those lot owners who had been denied the right lawfully to use their property through the adoption of the zoning ordinance which affected its use. Since the question of the constitutionality of a zoning ordinance and its effect upon vested rights is held in abeyance, we do not pass upon that feature at this time.
 

 It is therefore our opinion that the city council did not exceed its powers in passing the “Duttenhofer ordinance” relieving those applicants who had applied for permits prior to May 4, 1924. For the reasons stated, the writ prayed for should be allowed.
 

 Writ allowed.
 

 Marshall, C. J., Matthias, Day, Allen, and Conn, JJ., concur.