Jones, J.
 

 The agreed statement of facts discloses that the relator filed his application for a permit with the commissioner of buildings on January 31, 1924, and that this officer made no examination whether or not the plans attached thereto conformed to the state and city building codes; that if they did not so conform the relator was then, and has since been, willing to conform to all the laws and ordinances before commencing the erection of the building. The entire record also discloses that the specific reason why the plans were not accepted and the permit issued was that a zoning ordinance was then pending, although this ordinance did not become effective until May 4, 1924, more than three months after the relator filed his application for a permit.
 

 On May 2, 1924, relator instituted this suit in mandamus and caused an alternative writ to be issued and served on the same day. After hearing, a peremptory writ was awarded to the relator on April 14, 1925.
 

 The claim of the building commissioner now is
 
 *666
 
 that, because of his own nonaction and dereliction of duty, in refusing a permit on January 31, 1924, this writ should not issue on April 14, 1925, at which time the final decree was made by the Court of Appeals, for the reason that a zoning ordinance previously adopted, and effective May 4,. 1924, prohibited the issuance of a permit for a business building in the specified location; that consequently no duty could be enjoined upon the commissioner at the date of the final decree, because a permit to construct a business building in a residential district would, at that time, have been violative of the zoning ordinance, and the erection of such building would have been a misdemeanor thereunder.
 

 The contention of the building commissioner is not tenable. Section 452-90 of the zoning ordinance excepted from its operation changes in plans, construction, size, or designated uses of buildings “for which a building permit has been issued before the passage of this ordinance,” provided construction under such permit was started within six months and the entire building was “completed within two years after the date of such permit.”
 

 The zoning ordinance was passed April 1, 1924. Had the building commissioner issued the permit on January 31, 1924, as he was required to do under the facts agreed to, the relator would have had an opportunity to fully comply with the provisions of Subsection 452-90 of the ordinance, above quoted, pertaining to the starting and completion of the building within the time limit authorized therein. Because of the refusal of the officer to issue the permit on the date prior to the passage
 
 *667
 
 of the ordinance, the relator was threatened with the loss of a valuable right later recognized and protected by the zoning ordinance thereafter adopted. He had fully complied with the state and city building codes when he filed his application for a permit, and there seems to have been no reason why it was refused other than the insistence that a zoning ordinance was pending at the time.
 

 Counsel for both sides have called our attention to a Duttenhofer ordinance, said to have been adopted by the city council on September 2, 1924. That ordinance has not been made a part of this record, and therefore we do not consider it here except to say that if this cause were remanded the relator would have the opportunity of seeking relief under that ordinance, as construed by this court in
 
 State ex rel. Bolce et al.
 
 v.
 
 Hauser, Commissioner of Buildings,
 
 111 Ohio St., 402, 145 N. E., 851.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, 0. J., Matthias, Day, Allen and Kinkade, JJ., concur.