By the Court.
 

 This action having been instituted on October 16, 1928, the question presented is whether the relator was then entitled to the writ of mandamus prayed for. If it was, any action thereafter taken by the municipal authorities, whether by so-called emergency ordinance or otherwise, cannot serve to defeat that right or affect the jurisdiction of the court to grant the remedy to which the relator was then entitled. It is to be borne in mind that the plan of the proposed structure is not in conflict with any laws of the city or state; that is conceded. The permit applied for was denied only upon the ground that the city planning commission
 
 *355
 
 had proposed a zoning plan with which the proposed building “may conflict because of its character, but not because of the violation of the state or city building codes.” The denial of such permit was therefore based upon the possibility that such building constructed in accordance with the proposed plans would conflict with an ordinance theretofore introduced in the council of the city of Youngstown, in the event such ordinance should thereafter be enacted. It is therefore conceded that on the 10th day of October, when the relator’s application for the permit was renewed, and also on the 16th of October, when relator’s action in mandamus was instituted, there was neither any law nor ordinance which in any wise forbade the erection of such building in accordance with the proposed plans and specifications, or precluded the issuance of a permit therefor.
 

 An inspector of buildings may not arbitrarily refuse the issuance of a building permit. It was quite recently held by this court in the case of
 
 State, ex rel. Gaede,
 
 v.
 
 Guion, Commr. of Bldgs.,
 
 117 Ohio St., 327, 158 N. E., 748, that under such circumstances the provisions of the so-called stop-gap zoning ordinance theretofore enacted, but the effective date of which had been suspended by a referendum petition, were not a valid defense in an action for mandamus to compel the issuance of such permit. In the present case, under the law in force at the time the application was made, the relator was concededly entitled to a permit, and under the law then in force and effect it was the duty of the inspector of buildings to issue the same, particularly in view of the large expenditures made by the applicant pursuant tp the sanction and approval of the build
 
 *356
 
 ing inspector. Such right of a property owner is not subject to the mere whim or caprice of the official whose duty it is to issue a building permit, if the applicant has fully complied with the law. No presumption is indulged in favor of the restriction or limitation of an owner in the use of his premises. Statutes or ordinances which restrain the exercise of such right, or impose restrictions upon the use of private property, will always be strictly construed, and the scope of such statutes or ordinances cannot be extended to include limitations not therein clearly prescribed.
 
 State, ex rel. Moore Oil Co.,
 
 v.
 
 Dauben,
 
 99 Ohio St., 406, 124 N. E., 232. Certainly no effect can be given to the restrictive provisions of an ordinance which it is contemplated by the building inspector may be enacted at some time in the future.
 

 Judgment reversed and writ allowed.
 

 Marshall, O. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.