## STATE ex rel. GELETKA v. CITY OF CAMPBELL et al.

Ohio Appeals, Seventh District, Mahoning County.

Decided January 30, 1952.

Joseph E. Julius and William P. Barnum, Youngstown, for relator-appellant.

Paul R. VanSuch, City Solicitor of Campbell, Youngstown, for respondents-appellees.

## OPINION

By NICHOLS, PJ.

This action originated in the Common Pleas Court of Mahoning County, Ohio, wherein the relator, John Geletka, sought a peremptory writ of mandamus to compel the City of Campbell, and its Building Inspector, the officer authorized to issue building permits, to issue to him a permit for the construction of a one floor store building on premises owned by him at the corner of Oxford and Robinson Streets in Campbell. The cause is now in this Court on appeal on questions of law from the decision of the Common Pleas Court denying the writ on final hearing, an alternative writ having previously been granted.

As shown by the Bill of Exceptions duly filed herein, the relator on October 3, 1950, as well as on October 6, 1950, and at the time of the judgment or decision appealed from, was the owner of the real estate located and described in the petition. On the two specific dates mentioned there was no zoning ordinance in effect in the City of Campbell, a previous zoning ordinance having been declared invalid by the Common Pleas Court. On the dates first above set forth the relator presented to the Building Inspector plans and specifications for a one floor store building and requested a permit for its construction on the lot or land owned by him. The Building Inspector refused to grant such application, although the undisputed evidence shows that such plans and specifications were in conformity to the State and City Building Codes in force at the time. From the evidence the conclusion is inescapable that the Building Inspector refused to issue the permit for the sole reason that the applicant refused to submit the plans and specifications to the Zoning Commission or Planning Committee provided for in the Zoning ordinance

which had been declared invalid, in which invalid ordinance the Inspector claimed that plaintiff's lot was in Residence A District, the Inspector testifying, "I could not issue until the planning committee had approved," meaning either the planning committee which had been provided for in the invalid ordinance, or perhaps, a planning committee to be provided for in a contemplated new zoning ordinance.

We hold the Relator properly refused to recognize the existence of a planning committee and relied on this claimed right to the permit upon application to the Building Inspector and presentation to him of lawful plans and specifications for the building, such inspector being the officer then authorized to issue building permits.

On September 30, 1950, the court of Common Pleas made public its decision finding the 1939 zoning ordinance of the city invalid, the formal journal entry of its decision being filed October 23, 1950.

On September 30, 1950, the city council published its thirty day notice, as required by §4366-11 GC, of a public hearing to be held October 31, 1950, as to a proposed new zoning ordinance.

On October 25, 1950, Relator filed this mandamus action in the Common Pleas Court, an alternative writ being then allowed and the final hearing date for the issuance of a peremptory writ was set for November 1, 1950. The proposed ordinance of which the published notice was given did not then contain an emergency clause, but a special meeting of council was called for October 31, 1950, at which meeting a purported emergency clause was inserted in the ordinance and the ordinance was on that date attempted to be adopted by council as an emergency ordinance to go into immediate effect, wherein it sought to place relator's lot in Residence A District.

In denying the writ of mandamus in this action the Common Pleas Court relied upon **Trumbull County Board of Education v. State ex rel Van Wye, 122 Oh St 247, 171 N. E. 241,** and **State ex rel. Hawke v. Weygandt, 148 Oh St 453-455, 75 N. E.** 2d 691, and cases therein cited, holding:—

"When a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue." (**122 Oh St 247, 171 N. E. 242.**)

The trial court then considered as a "fact and condition" the action of the council in adopting the new zoning ordinance placing relator's property in Residence A Zone, the court holding that the new ordinance was duly and properly adopted by

council as an emergency measure, thereby forbidding the issuance of a building permit for the type of building sought to be constructed by the Relator.

Two principal questions arise upon this appeal:

1. Was the so-called emergency ordinance wherein Relator's lot was zoned as Residence A, a valid emergency measure at the time of the final hearing in the Common Pleas Court?

2. If the so-called emergency ordinance was a valid emergency measure, adopted in accordance with §4227-3 GC, could it have retroactive force to prevent Relator from the use of his property for any lawful purpose for which he had a right to use it at the time his application for the building permit was made?

The question of the right of a city to adopt a zoning ordinance for the preservation of the public peace, health or safety in such municipal corporation is well settled. And likewise it is well settled that such zoning ordinance may be adopted as an emergency measure necessary for the immediate preservation of the public peace, health or safety in such municipal corporation, and will go into immediate effect provided the requirements of §4227-3 GC, are complied with, one of the provisions of that act being that the "reasons for such necessity" be set forth in a separate section of the ordinance or measure.

As stated above, the zoning ordinance proposed and as to which the notice was published, did not contain any emergency clause until the special meeting of council held October 31, 1950. At that meeting a separate section was inserted in the ordinance before its passage, in which separate section it was stated as follows:

"This ordinance is and the same is hereby declared to be an emergency measure, the emergency being the immediate necessity of regulating the location, character and kind of buildings and to prevent and regulate the construction of the buildings and structures in location not adaptable to the proposed type of building and structure; to prevent and regulate the erection of structures which will imperil the safety, health, comfort, prosperity and general welfare of the citizens of the City of Campbell, Ohio, and to regulate the uses of such structures in defined areas of said City and for the immediate preservation and maintenance of the public peace, health and safety of the inhabitants of said City and the public generally and to adequately regulate and control the erection and location of structures and their uses in said municipality and to safeguard the public from incidents dangerous thereto."

Heretofore this court of appeal had under consideration an ordinance of the City of Youngstown, known as the

suspicious persons ordinance, wherein the language used in the separate section of the ordinance stated that its adoption was necessary for the immediate preservation of the public peace, health and safety of the city, but no **reason** was given for such necessity requiring its going into immediate effect. This court consistent with its former decision in **Goodman v. City of Youngstown, 24 Abs 696**, held the ordinance invalid and the Supreme Court agreed as will appear from the first three paragraphs of the syllabus in the case of **City of Youngstown v. Aiello, 156 Oh St 32**, 100 N. E. 2d 62, 63:

"1. Under the provisions of §4227-3 GC, relating to the manner of the exercise of the power of the referendum, 'emergency ordinances or measures necessary for the immediate preservation of the public peace, health or safety in such municipal corporation' go into immediate effect when enacted in accordance with the procedure prescribed by such section.

"2. The procedure prescribed by §4227-3 GC, that 'such emergency ordinances or measures must, upon a yea and nay vote, receive the vote of two-thirds of all the members elected to the council * * * of such municipal corporation, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure,' is mandatory, and the failure to comply with such requirements in the enactment of an ordinance, purported to be an emergency measure, prevents such ordinance from taking immediate effect, as therein authorized.

"3. A separate provision of an ordinance, 'that this ordinance is hereby declared to be an emergency measure necessary for the preservation of the public peace, health and safety, and shall take effect upon its passage and approval by the mayor,' which ordinance was adopted by a vote of two-thirds of all the members elected to council, is ineffective to constitute the ordinance an emergency measure, where the reasons for the necessity are not announced and set forth in the emergency section of said ordinance, as required by §4227-3 GC."

In the opinion, **156 Oh St**, at **page 37**, 100 N. E. 2d at page 65 will be found the following:

"However, it is essential to the validity of such measures as emergency measures that the mandatory requirements specified be adhered to and followed, among which is that 'the reasons for such necessity shall be set forth in one section of the ordinance or other measure.' Although the finding of the emergency character of the proposed legislation and the determination of the legislative body as to the necessity that such legislation go into immediate effect and the reasons announced therefor are not subject to review

by the courts, it is mandatory that the legislative body must consider, determine and announce the reasons for such necessity and that the same be set forth in one section of the ordinance or other measure.

"In the respect indicated, the requirement of the statute essential to the enactment of this ordinance as an emergency measure, permitting it to go into immediate effect, was not followed. It, therefore, lacked validity as an emergency enactment."

In that case this court also held that the ordinance did not become effective as a valid ordinance of the city because it had not been published in accordance with the requirements of the city charter. We were induced to that holding because counsel for the city, upon inquiry from the bench at the hearing of the appeal, informed the court that the ordinance had not been published. However, the Supreme Court evidently found that such admission of counsel did not constitute evidence of failure to publish and it thereupon indulged an assumption that it had been published and became effective before defendant was charged with violation thereof.

We refer to that case for two reasons: first it is definite authority for our finding in this case that no **reason** for the necessity of this zoning ordinance to go into immediate effect is set forth in the quoted separate section of the ordinance, and, second, that it had not otherwise become a valid ordinance of the city before the date of the final hearing in this mandamus action, because it had not then been published as required by law, and the ordinance was, therefore, not a fact or condition to be considered by the trial court (and there being no other fact or condition shown by the evidence), it follows that Relator's right to the building permit was to be determined by the facts and conditions existing at the time he made such application, the evidence showing his clear right thereto at that time.

It may be presumed that every ordinance adopted by the council of a city or village is necessary for the benefit of the municipality and its inhabitants, but if it is intended to adopt such ordinance in a form which will prevent a referendum thereon, the ordinance must comply strictly with the provisions of §4227-3 GC, by stating in a separate section therein the **reason**—the emergency **then** existing—which requires it to go into immediate effect for the preservation of the public peace, health or safety; it is not enough to merely state the conclusion that it is necessary for the immediate preservation of the public peace, health, or safety.

We do not disagree with the trial court in the statement in his opinion to the effect that the city was faced with an

emergency due to its previous zoning ordinance having so soon theretofore been invalidated, and it is conceivable that fact may have been stated in the separate section of the ordinance and with other facts in connection therewith, would have complied with the provisions of §4227-3 GC as to reason for the ordinance going into immediate effect, with which reason so stated the courts could not have interfered—but no such reason, or any other, was set forth in the separate section of the ordinance. It is not enough that facts constituting a good reason actually exist—they must be stated in the separate section of the ordinance to constitute compliance with the legislative requirements.

We regret that we must further disagree with the trial court as to the applicability to this case of the authorities relied upon, as set forth in his opinion. None of the cases cited involved the right of council to pass legislation of a retroactive character depriving an owner of the constitutionally guaranteed right to own and use his property for a lawful purpose.

The question presented here is whether relator, at the time he instituted this mandamus action, which was before the zoning ordinance was attempted to be enacted, was then entitled to the writ prayed for. Any action of the council thereafter taken cannot serve to defeat that right or affect the jurisdiction of the court to grant the remedy to which the relator was then entitled for the preservation of his right of property as guaranteed by the Constitution of the United States, Amend. 14, as well as the **Constitution of the State of Ohio, Art. 1, Sec. 1.** See: **Hauser v. State ex rel. Erdman, 113 Oh St 662,** 150 N. E. 42; **State ex rel. Gaede v. Guion, 117 Oh St 327,** 158 N. E. 748; **State ex rel. Ice & Fuel Co. v. Kreuzweiser, Inspector of Buildings, 120 Oh St 352,** 166 N. E. 228; **Bauman v. State ex rel. Underwood, 122 Oh St 269,** 171 N. E. 336; **State ex rel. Fairmount Center Co. v. Arnold, Director of Service, 138 Oh St 259,** 34 N. E. 2d 777, 136 A. L. R. 840; **State ex rel. Castle National Inc. v. Village of Wickliffe, Oh Ap,** 80 N. E. 2d 200, a decision of this Court of Appeals, and **State ex rel. Gulf Refining Co. v. De France, 89 Oh Ap 1,** 100 N. E. 2d 689.

The judgment and decision of the Common Pleas Court must be reversed because contrary to law and final judgment entered herein granting the writ of mandamus.

GRIFFITH and PHILLIPS, JJ, concur.