Taft, J.,
concurring. I concur in paragraph two of the syllabus and in the judgment.
Section 3180-18, General Code (Section 303.19, Revised Code), provides in part:
“The lawful use * * * of any land or premises as existing and lawful at the time of enactment of a zoning resolution * # * may be continued although such use does not conform with the provisions of such resolution * *
In State, ex rel. Moore Oil Co., v. Dauben, Bldg. Inspector, 99 Ohio St., 406, 124 N. E., 232, paragraph one of the syllabus reads:
“Statutes or ordinances * * * which impose restrictions upon the use * * * of private property, will be strictly construed and their scope cannot be extended to include limitations not therein clearly prescribed;' exemptions from such restrictive provisions are for like reasons liberally construed. ’ ’
See also State, ex rel. Ice & Fuel Co., v. Kreuzweiser, Inspector, 120 Ohio St., 352, 356, 166 N. E., 228.
. It may fairly be argued, therefore, that, standing alone, the words “land or premises,” as found in the above-quoted portion of Section 3180-18, General Code, could include appellant’s land, both on the east side and on the west side of route 33.
Appellant relies upon Cheswick Borough v. Bechman, 352 Pa., 79, 42 A. (2d), 60, as indicating that an existing use under such a zoning provision may be expanded throughout such “land or premises.” How *96 ever, as stated in the opinion in that ease, the ordinance there involved imposed “no restraint upon broadening the scope of the existing use.” On the other hand, the statute involved in the instant case by its words does contemplate that there may be limitations on the extension of existing nonconforming uses. Thus, Section 3180-18, General Code, further provides in part:
“The Board of County Commissioners shall provide in any zoning resolution for the # * extension of nonconforming uses upon such reasonable terms as may be set forth in the zoning resolution.”
The validity in zoning legislation of limitations on the extension of existing nonconforming uses was recently recognized by this court. City of Akron v. Chapman, 160 Ohio St., 382 (paragraph one of syllabus), 116 N. E. (2d), 697.
In providing “for the * * * extension * * * of nonconforming uses,” the Franklin County zoning resolution provides in part:
“If, at the time of enactment of this zoning resolution, any lot * * * was being used in a character or manner or for a purpose which does not conform * * * such character or manner of use or purpose may be continued.” (Emphasis added.)
It is fairly arguable that, standing alone, the word “lot” in the foregoing-quoted part of this resolution might be interpreted as having the same meaning as the words “land or premises” in Section 3180-18, General Code. However, other provisions of the resolution clearly express an intention to give.the wor(d “lot” a more restricted meaning. Thus, the resolution, in defining the word “lot,” provides:
“Lot: A parcel of land occupied or to be occupied by one building and accessory buildings and uses, and including the open space required under this resolution. A lot may be land so recorded on a plat of record or considered as a unit of property and described by *97 metes and bounds, but it may include, parts of, or a combination of such lots when adjacent to one another, provided such ground is used for one improvement. All lots shall front on and have ingress and egress by means of a public right of way.” (Emphasis added.)
It is apparent that appellant’s land can come within the definition of a “lot” only because it has a “front on” route 33. Since the part of appellant’s land on the east side of route 33 has a “front on” the opposite side óf that “public right of way” from the part on the west side, it is difficult to contemplate how the trier of the facts in the instant case could have concluded that, within the meaning of the zoning resolution, appellant’s land could constitute less than two separate lots.
In my opinion, this limitation on the extension of existing uses of “land or premises” to their extension throughout a “lot,” as that term is defined in the Franklin County zoning resolution, is, within the meaning of the words of Section 3180-18, General Code, a provision for “an extension * * * of nonconforming uses upon * * * reasonable terms.” See State, ex rel. Jack, v. Russell, Bldg. Commr., 162 Ohio St., 281, 123 N. E. (2d), 261.