THE STATE, EX REL. ADAMS, APPELLANT, *v.* PENDLETON ET AL., APPELLEES.

(No. 802—Decided May 16, 1955.)

*Mr. Moses Lane,* for appellant.
*Mr. L. S. Middleton,* for appellees.

DEEDS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Wood County, entered in determining that the relator was not entitled to the issuance of a writ of mandamus requiring respondents to issue a building permit to the relator.

The case is presented to this court for review upon a transcript of the proceedings in the Court of Common Pleas, bill of exceptions, and the briefs and oral arguments of counsel for the parties.

The relator, appellant herein, is the owner of a lot consisting of a portion of a city block situated in the district zoned for commercial purposes pursuant to an ordinance in the city of Bowling Green, Wood County.

The respondents are the service director and the members of the Board of Appeals of the City of Bowling Green.

The proceeding was instituted in the Court of Common Pleas by the filing, by the relator, of a petition in which she alleges the ownership by her of certain real estate as described, such real estate being situated, as she alleges, within an area known as the commercial zone of the city, as zoned pursuant to an ordinance which had been duly passed by the council of the city of Bowling Green. Relator alleges that she filed an application in the office of the respondent service director, pursuant to the requirements of the law and ordinances of the city, for a permit authorizing the construction of a commercial building to be constructed adjacent to and bordering on the sidewalk line of Prospect Street, within the commercial zone of the city; that the permit was refused by respondent; and that, thereafter, upon appeal to the respondents, constituting the board of appeals, they affirmed the action of the service director and declined to order the issuance of a building permit authorizing relator to construct a commercial building upon her property, unless the building line fronting on Prospect Street would be 50 feet from the center line of the street, as required by a regulation theretofore adopted by the board.

The relator, in the prayer of her petition, prayed that a writ of mandamus be allowed, requiring the respondents to issue to the relator a building permit authorizing her to construct the building as specified in her application, which was filed as described according to the requirements of the law.

The answer of the respondents admits that the property of the relator, as described, is situated within the commercial zone of the city and alleges "that they [respondents, as the Board of Appeals] have established a setback line on * * *

Prospect Street for commercial buildings a distance of 50 feet from the center line of the street and that if said relator complies with the said rule and regulation that said permit will be granted.'' Respondents pray that the proceeding be dismissed.

The reply of the relator restates a part of the allegations of the petition and denies the affirmative allegations of the answer of the respondents.

The authority of the respondents is derived from certain provisions of the Revised Code of Ohio and from ordinances of the city of Bowling Green, adopted pursuant to the law and Constitution of the state.

The sections of the Revised Code of Ohio pertinent to a determination of this appeal are as follows:

Section 713.10. ''The districting or zoning of any municipal corporation or part thereof may be based upon any combination of two or more of the purposes described in Sections 713.07 to 713.09, inclusive, of the Revised Code. In the determination and establishment of such districts buildings and other structures may be classified on the basis of the nature or character of trade, industry, profession, or other activity conducted or to be conducted therein, the number of persons, families, or other group units to reside in or use them, the public, quasi-public, or private nature of the use thereof, or upon any other basis relevant to the promotion of the public safety, health, morals, convenience, prosperity, or welfare.

''The *legislative authority* of such municipal corporation may amend or change the number, shape, area, or regulations of or within any district, but no such amendment or change shall become effective unless the ordinance proposing it is first submitted to the planning commission, board, or officer for approval, disapproval, or suggestions and the commission, board, or officer is allowed a reasonable time, not less than thirty days, for consideration and report.'' (Emphasis added.)

Section 713.11. ''The legislative authority of a municipal corporation may create an administrative board to administer the details of the application of the regulations under Sections 713.06 to 713.12, inclusive, of the Revised Code, and may delegate to such board, in accordance with general rules and regulations to be set forth in the districting ordinances and regula-

tions, the power to hear and determine appeals from refusal of building permits by building commissioners or other officers, to permit exceptions to and variations from the district regulations in the classes of cases or situations specified in the regulations, and to administer the regulations as specified therein. Such administrative powers and functions may be delegated by the legislative authority to the planning commission or board.''

Section 713.12. ''Before any ordinance, measure, or regulation authorized by Sections 713.07 to 713.11, inclusive, of the Revised Code, may be passed, the legislative authority of the municipal corporation shall hold a public hearing thereon, and shall give thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipal corporation. During such thirty days the text or copy of the text of such ordinance, measure or regulation, together with the maps or plans or copies thereof forming part of or referred to in such ordinance, measure, or regulation and the maps, plans, and reports submitted by the planning commission, board, or officer shall be on file, for public examination, in the office of the clerk of the legislative authority or in such other office as is designated by the legislative authority. No such ordinance, measure, or regulation which violates, differs from, or departs from the plan or report submitted by the commission, board, or officer shall take effect unless passed or approved by not less than three fourths of the membership of the legislative authority.''

Section 713.13. ''No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to Sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation.''

On April 1, 1946, the council of the city of Bowling Green passed an ordinance known as ''Ordinance No. 1145 Zoning Or-

dinance of Bowling Green, Ohio.'' Zoning Ordinance No. 1145 provides, in part, as follows:

''2. Explanation And Purpose. It is an ordinance requiring permits for the erection of buildings and structures as well as permits for the uses of land and the buildings located thereon. It divides the city into districts, regulates the uses permitted in such districts, specifies minimum plot sizes, setbacks and side yards and maximum building heights near airports or landing fields. It requires approved water supply and sewage disposal facilities and parking areas and provides for appeals and the imposing of penalties for violation of the ordinance.

''Its purpose is to promote the public health, safety, morals, comfort and general welfare and to conserve the values of property and to lessen and avoid congestion in the public streets and highways.''

Article III of the ordinance provides, in part, for applications and permits, as follows:

''1. Before erecting, re-locating, enlarging or substantially altering any building, structure, wall, solid fence, or excavating for any building foundation, sewer, water conduit, or other underground utility serving a particular use, a written permit shall be obtained from the enforcing office in the City Building.

''2. Applications for permits shall be filed in written form, in duplicate, on blanks furnished by enforcing officer and shall give such information as may be required by this ordinance for its proper enforcement.''

Article VIII of the ordinance sets out and describes the character of the buildings which shall be included in the ''commercial districts'' of the city.

Article XIV of the ordinance provides for ''lot coverage and setback lines.'' Section 3 of Article XIV, provides, as follows:

''3. In commercial districts buildings shall set back from the street to conform to the present building line as established by the commercial buildings now erected thereon.''

Article XVIII of the ordinance provides for the creation and membership of a Board of Appeals.

"ARTICLE XVIII
"Board of Appeals.
"Creation and membership.

"1. A Board of Appeals, hereafter referred to by the word 'board' is hereby authorized to be established. Such board shall consist of five members who are not members of the city council, appointed by the mayor and confirmed by the members of the city council. The five members of the first board appointed shall serve without pay terms of one, two, three, four and five years, respectively, or until their successors are appointed. Thereafter, terms shall be for five years or until their successors are appointed, and vacancies shall be filled for the unexpired terms only. At least one member shall be appointed from each of the active service clubs."

"1. The board shall hear and decide appeals from and review any order, requirement, decision, or determination made by the administrative official charged with the enforcement of this ordinance. It shall also hear and decide all matters referred to it or upon which it is required to pass under this ordinance."

"Appeal and review.

"1. Any appeal may be taken by any person aggrieved or by an officer, department, board or bureau of the city. Such appeal shall be taken within such time as shall be prescribed by the board by general rule by filing with the officer from whom the appeal is taken and with the board a notice of appeal, specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken."

It is contended by the respondents, as alleged in their answer as quoted above, that the board has adopted a regulation or "rule" requiring that commercial buildings on the westerly side of Prospect Street must have a setback line 50 feet from the center line of that street, and that a permit to construct the building proposed to be constructed, as specified in relator's application, will be issued to her if she will comply with the setback line provided for in the rule or regulation as adopted by the board.

It is undisputed that the property of the relator, upon which she desires to construct a commercial building, as specified in her application for a building permit, is situated within the commercial zone of the city of Bowling Green, as defined by ordinance No. 1145 referred to herein.

It is clear also, from the evidence in the record before this court for review, that the only commercial structures or buildings located on the westerly side of Prospect Street at the time of the effective date of ordinance No. 1145 had been constructed and were maintained with the buildings adjacent to and bordering on the sidewalk of Prospect Street.

The issue presented, therefore, which in our view is determinative of this appeal, is whether the respondent board was clothed with authority in law to change or alter by regulation or rule the requirements regulating the setback lines applicable to commercial buildings to be erected in the commercial zone of the city as fixed by ordinance No. 1145, which was duly passed by the council of the city and in effect on the date on which the purported regulation or rule of the board now being considered was attempted to be passed.

It is the considered view of this court that the board was without authority to pass the regulation or rule which purports to change the setback line for commercial buildings, as fixed and determined by the legislative authority of the city in adopting ordinance No. 1145, and in particular section 3 thereof, relating to the setback line of buildings, which provides:

"3. In commercial districts buildings shall set back from the street to conform to the present building line as established by the commmercial buildings now erected thereon."

It is clear that the authority to change or amend the regulations now being considered was vested in the council of the city, as provided by the Legislature in Section 713.10, Revised Code:

"The legislative authority of such municipal corporation may amend or change the number, shape, area, or regulations of or within any district, but no such amendment or change shall become effective unless the ordinance proposing it is first submitted to the planning commission, board, or officer for approval, disapproval, or suggestions and the commission, board,

or officer is allowed a reasonable time, not less than thirty days, for consideration and report.''

It should be noted that a pertinent part of Section 713.12, Revised Code, provides as follows:

''Before any ordinance, measure, or regulation authorized by Sections 713.07 to 713.11, inclusive, of the Revised Code, may be passed, the legislative authority of the municipal corporation shall hold a public hearing thereon, and shall give thirty days' notice of the time and place thereof in a newspaper of general circulation in the municipal corporation.''

Considering, as we do, that the attempted action by the board to alter or change the regulation applicable to the setback line of commercial buildings, as determined by ordinance duly enacted by the legislative branch of the city government, was of no legal effect, we find and hold that the relator had a clear right to the issuance of a building permit as specified and prayed for in her petition, as appears in the proceeding now before this court for review.

In appears clearly from the evidence in the record before us that the property of the relator is situated within the commercial zone of the city, as defined by the zoning ordinance; that on the effective date of the ordinance, the commercial building setback line upon the westerly side of Prospect Street, as the relator's property was situated, had been established by the location of commercial structures which were immediately adjacent to the sidewalk; that relator had complied with all the requirements of the law of the state and with the valid ordinances of the city; and that the Board of Appeals was without authority to fix the setback line for relator's property as being 50 feet from the center line of Prospect Street.

A proceeding in mandamus has been defined by the Legislature as follows:

Section 2731.01, Revised Code. ''Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.''

The basis for and conditions essential to be established, which will justify the issuance of a writ of mandamus, have been

stated clearly by the Supreme Court in numerous decisions, and we deem it to be unnecessary and of no avail to make an extended analysis of those cases. The fundamental and now well-established rule governing the issuance of the writ was announced clearly by the Supreme Court in some comparatively early decisions.

*Selby, Aud.,* v. *State, ex rel. Smiley,* 63 Ohio St., 541, 59 N. E., 218; *State, ex rel. Gallinger,* v. *Smith,* 71 Ohio St., 13, 38, 72 N. E., 300.

There have been many decisions by the court of last resort in the state wherein the issuance of a writ of mandamus has been the remedy sought by reason of the refusal by officials of municipalities having the control of the issuance of building permits to issue such permits, which we consider as being analogous in principle and the essential facts and conditions existing in the case now under review by this court. Therefore, it is our considered view in accord with the principles of law applicable to the case before us, as announced by the Supreme Court in those decisions, that the relator has shown a clear legal right, and is entitled to the issuance of a writ of mandamus.

*State, ex rel. Moore Oil Co.,* v. *Dauben,* 99 Ohio St., 406, 124 N. E., 232; *Hauser, Commr.,* v. *State, ex rel. Erdman,* 113 Ohio St., 662, 150 N. E., 42; *State, ex rel. Gaede,* v. *Guion, Commr.,* 117 Ohio St., 327, 158 N. E., 748; *State, ex rel. Ice & Fuel Co.,* v. *Kreuzweiser, Insp.,* 120 Ohio St., 352, 166 N. E., 228; *State, ex rel. Fairmount Center Co.,* v. *Arnold, Dir.,* 138 Ohio St., 259, 34 N. E. (2d), 777, 136 A. L. R., 840; *State, ex rel. Synod of Ohio of United Lutheran Church in America,* v. *Joseph,* 139 Ohio St., 229, 39 N. E. (2d), 515, 138 A. L. R., 1274. See, also, *State, ex rel. Gulf Refining Co.,* v. *DeFrance,* 89 Ohio App., 1, 100 N. E. (2d), 689.

It is the conclusion of this court, and we, therefore, find, that the Court of Common Pleas erred to the prejudice of the relator in refusing to issue the writ of mandamus requiring the respondent service director to issue to the relator a building permit upon her application, as filed and as appears from the record before us, and that by reason thereof, the judgment of the Court of Common Pleas is reversed. It is further ordered that

the cause be remanded to the Court of Common Pleas and that a writ be issued requiring the respondent service director to issue to relator a building permit pursuant to and in accord with the application as filed by the relator.

*Judgment accordingly.*

CONN and FESS, JJ., concur.