Herbert, J.
Respondents contend that the Court of Appeals erred in failing to dismiss relator’s petition for the reasons that (a) it fails to state a cause of action and (b) it does not set forth a clear right to the remedy of mandamus. Following their own argument, reason (a) must fail since all the pertinent facts are supplied by the two pleadings, and the only disputed fact is as to whether the relator’s proposal provided for 23 parking spaces as alleged in the petition or 21 as alleged in the answer. This variation is not controlling, as will appear hereinafter. Coming to reason (b), the very provisions of Article V of the Lyndhurst zoning ordinance, as quoted in respondents ’ brief, establish that relator has no other available remedy.
The zoning ordinance confers upon the building inspector *293 the duty of administering and enforcing its provisions and provides for an appeal from his decision to the Board of Zoning Appeals. The pleadings establish that such procedure was followed in this case.
Section 5 (d) 2 of Article V, dealing with variances and which is cited and quoted in part in respondents’ brief, gives the board power to modify in certain applications. The last sentence of that paragraph reads:
‘ ‘ Such variance or modification shall be confirmed by resolution of the council of the village before becoming effective.”
The applicability of this provision to the instant facts is doubtful but, for the purpose of this opinion, it is assumed.
It may be noted further that Section 5 (d) 6 of Article Y, which establishes the procedure before the Board of Zoning Appeals, contains a subparagraph which concludes: “such decisions shall be confirmed by the council of the village before becoming effective. ’ ’
It would appear, therefore, that the intent of the city council is to require approval by that body of decisions of the Board of Zoning Appeals before such decisions become effective. The pleadings bn their face establish the fact that in this instance the city council has not approved any recommended decision of the board which admittedly does not (and need not) conform to the decision of the building inspector. To summarize factually, the building inspector insisted upon off-street parking spaces for 30 vehicles whereas the decision of the board would have granted the building permit provided the relator would “guarantee that the permanent users of said proposed building would not exceed 35 employees by deed restrictions or other form of covenants satisfactory to the city.” The joint answer then states that “the council refused the permit and upheld the decision of the inspector of buildings by the unanimous vote of all its members for the reason that insufficient parking was provided as required by the zoning ordinance of the city.”
The relator here certainly exhausted its administrative remedies and, in our opinion, had no remedy left except mandamus.
This then brings us to the real question presented which
*294 is limited in scope. Although the petition alleges that the provisions of Section 1 (a)-(f), Article IV, are vague, uncertain, discriminating and unreasonable, the relator’s demurrer and arguments are confined to its claim that Section 1 (e), Article IV of the Lyndhurst zoning ordinance, is unconstitutional. Relator admits that its application for a building permit falls within the category of this section which relates to “other buldings or uses.”
Section 1 (e), Article IV, reads as follows:
“Each building or use other than those enumerated above in this section shall have off-street parking space sufficient in capacity for the parking at one time of at least one automobile per five persons engaged on the premises as employees or owners, and in addition parking space reasonably adequate for the commercial vehicles necessary to carry on the business of the .occupants of the premises and for the normal volume of car parking by persons coming to the premises on matters incidental to the uses thereof. Any parking area which is used in whole or in part to meet the requirements of this paragraph and which exceeds ten car parking spaces in total capacity shall be improved as specified in Article IV, Section 1 (a) above.”
Section 1 (a), referred to in the above-quoted provision, contains three numbered subdivisions, is general in nature, and provides in substance (so far as consideration here is necessary) that no building shall be erected, remodeled or altered to provide for a greater degree or intensity of use unless the requirements of the ordinance are fulfilled for off-street garaging or parking of motor vehicles of the occupants, employees, patrons or guests and for off-street loading and unloading. It defines one-car parking space as “not less than eight feet six inches in width, nor less than twenty feet in length, abutting on a driveway adequate in width for the angle of parking for which the car-parking area is designed and clearly marked; and ‘off-street parking’ is such car-parking spaces and such abutting driveway both entirely off the right of way of any public street. ’ ’ Further requirements are provided as to grading, surfacing, draining, and lighting.
Section 1 (b), not in issue here, requires storage for at least one passenger automobile for each dwelling unit.
*295 Section 1 (c), captioned ‘‘ Churches, Theatres, and Assembly Halls,” provides a requirement for off-street parking-space on the basis of one automobile per six seats of planned seating capacity.
Section 1 (d) provides that each building containing banks, retail stores or shops having floor space in excess of 1,000 square feet shall have a parking lot sufficient to provide one car-parking space for each 200 square feet on the ground or basement floor, and for each 300 feet (the ordinance as contained in the third amended answer does not include the word, “square,” following the figure, “300”) on any floor above the ground floor.
It will be noted that subdivisions (b), (c), and (d) have fixed standards and criteria to guide the building inspector and Board of Zoning Appeals in the administration of the zoning ordinance. Where specificity is required, subdivision (a), although general in its nature, also meets this test.
The general power of a municipality to include in its comprehensive zoning ordinance requirements that applicants for building permits provide off-street parking space for the occupants of the premises and for those coming onto the premises for purposes in connection with the businesses being carried on therein does not seem to be questioned by the relator here, but such power is inferentially involved in the question before us. A discussion of this subject is found in 2 Yokley Zoning Law and Practice (2 Ed.), 82, Section 210. Therein we find that various municipalities have approached their respective parking problems in different ways, some having confined themselves to provisions relative to dwellings, some having included hotels and hospitals, and some having extended programs relating to numerous and various types of business buildings.
The problem of off-street parking is relatively new, and provisions for such parking are not as yet found in all municipal zoning ordinances but certainly it is a proper municipal concern as traffic conditions in municipalities become more and more complex. This court has already held in State, ex rel. Gordon, City Atty., v. Rhodes, Mayor, 156 Ohio St., 81, 100 N. E. (2d), 225, that a city may establish and maintain off-street parking facilities. It follows, therefore, that a determination *296 by a legislative body of a municipal corporation that traffic conditions therein warrant the inclusion of provisions requiring off-street parking in a comprehensive zoning ordinance and the resultant passage of such ordinance constitute a proper exercise of municipal authority.
The decisions of this court also have recognized the rule that a zoning ordinance of a municipality, which does not contain sufficient criteria or standards to guide the administrative officer or tribunal in the exercise of the discretion vested in it, is unconstitutional and invalid. State, ex rel. Selected Properties, Inc., v. Gottfried, 163 Ohio St., 469, 127 N. E. (2d), 371; Cassell v. Lexington Township Board of Zoning Appeals, 163 Ohio St., 340, 127 N. E. (2d), 11. See, also, State, ex rel. Ice & Fuel Co., v. Kreuzweiser, Inspr., 120 Ohio St., 352, 356, 166 N. E., 228.
Although relator contends that all of Section 1 (e) of Article IV is unconstitutional, there is no lack of sufficient criteria or standards to guide the building inspector in the language, “off-street parking space sufficient in capacity for the parking at one time of at least one automobile per five persons engaged on the premises as employees or owners.”
The number of parking spaces required under this formula may readily be determined with reasonable accuracy from the plans, taking into consideration the available floor space, the number of offices, and purpose for which the building was constructed. If in the determination of the number of employees and employers, the administrative officer incorrectly finds the facts, this may be corrected in'an administrative appeal. The possibility of calculative error does not impute unconstitutionality to this part of Section 1 (e) of Article IV. The other part, however, relating to “parking space reasonably adequate for commercial vehicles necessary to carry on the business * * * and for the normal volume of car parking by persons coming to the premises on matters incidental to the uses thereof,” presents the difficulty in this case.
Reference to commercial vehicles requires an examination of Section 1 (f) of Article IV of the zoning ordinance, which treats with “loading and unloading spaces.” The full text of subdivision (f) is as follows:
*297 “In any district each occupied premises not used exclusively for a residence and its accessory uses shall be provided with adequate space on its lot for the loading and unloading of trucks and commercial vehicles serving the premises; where-ever practical, access driveways to such loading-unloading space shall be so located as to make it unnecessary for vehicles to back into or out of public streets in order to reach it. The building inspector shall administer the requirements of this section in a manner to eliminate, so far as practical, congestion and interference with vehicular and pedestrian traffic on the public street. The Board of Zoning Appeals may notify* or waive these requirements in the case of an office building, theatre, or other occupancy of similar limited trucking requirements. ’ ’
As to loading and unloading spaces, Section 1 (e) provides for “parking space reasonably adequate,” and Section 1 (f) for “adequate space on its lot” for the loading and unloading of trucks and commercial vehicles serving the premises. As to the parking of automobiles coming onto the premises with respect to the business carried on thereon, Section 1 (e) provides that there shall be sufficient spaces for the “normal volume of ear parking.”
It is the view of this court that these requirements are vague and insufficient to guide the building inspector or the Board of Zoning Appeals.
We hold, therefore, that a provision in a comprehensive municipal zoning ordinance, which requires that buildings, other than dwellings, churches, theatres, assembly halls, retail stores and shops, thereafter erected or remodeled or altered shall have “parking space reasonably adequate for commercial vehicles necessary to carry on the business of the occupants of the premises and for the normal volume of car parking by persons coming to the premises on matters incidental to the uses thereof,” does not contain sufficient criteria or standards to guide the administrative officer or tribunal in the exer *298 cise of the discretion vested in it and is unconstitutional and invalid.
Here the decision of the building inspector that two spaces should be provided for commercial vehicles and ten spaces for the normal volume of cars to be used by persons coming onto the premises on matters incidental to the uses thereof, over and above the requirement for spaces for owners and employees calculated on the basis of one car per five of such, is unlawful as being made under authority of an unconstitutional provision. The plan of the relator includes space for the off-street parking of 23 cars, which number is greater than that lawfully determined necessary by the building inspector.
The conditional modification recommended by the Board of Zoning Appeals not having been approved by council, the relator was left without remedy other than this action. It follows that the demurrer of relator was properly sustained, and that relator is entitled to a building permit as requested.
The judgment of the Court of Appeals is, therefore, af- • firmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias and Bell, JJ., concur.

 Although not pertinent to the issue here, it is assumed for the purpose of this opinion that the word, “notify,” was intended to be the word, “modify,” since the provisions of Article V authorize the Board of Zoning Appeals to modify, vary or waive such requirements.