150

LADERMAN & WEISS REALTY CO., TRUSTEE, APPELLEE, *v.*
CITY OF BEACHWOOD ET AL., APPELLANTS.

(No. 70-602—Decided July 7, 1971.)

152

*Mr. Sanford W. Likover,* for appellee.
*Mr. Albert M. Heazilin,* for appellants.

*Per Curiam.* The question to be determined in this appeal is whether the zoning ordinance of the city cf Beachwood, providing for single-family residence uses for annexed land, applies to plaintiff's land.

It is clear that the Beachwood City Council, when it enacted the annexation ordinance (Ordinance No. 1964-126) and the zoning amendment (Ordinance No. 1964-143) at the same session on January 18, 1965, intended that the zoning regulation restricting uses in annexed territory to single-family residences should apply to the land annexed on that date. This conclusion is supported by the fact that both ordinances were to go into effect at the same time—"after the earliest period allowed by law."

Ordinance No. 1964-143, the zoning ordinance, was repealed by council prior to its effective date and was replaced by Ordinance No. 1965-27, which contained the same restrictions set forth in Ordinance No. 1964-143. Ordinance No. 1965-27, an emergency measure, became effective on the date of its passage, February 15, 1965.

It is plaintiff's position, and the trial court so held, that under R. C. 709.10 the annexation ordinance went into immediate effect upon its adoption by the legislative authority of the municipal corporation and that, therefore, the zoning ordinance does not apply to plaintiff's land.

Plaintiff argues that the zoning ordinance cannot be

applied retroactively. For this proposition it cites *Gibson* v. *Oberlin,* 171 Ohio St. 1, wherein paragraph two of the syllabus reads:

"In the enactment of a zoning ordinance, a municipal council may not give retroactive effect to such ordinance so that a property owner is deprived of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application for such permit. (*State, ex rel. Fairmount Center Co.,* v. *Arnold, Dir. and Inspr.,* 138 Ohio St., 259, *Hauser, Commr. of Bldgs.,* v. *State, ex rel. Erdman,* 113 Ohio St., 662, approved and followed.)"

It must be pointed out that it is the time of the application for the permit which is crucial in determining whether a zoning change is retroactive. As noted in the *Gibson* case, at page 4, "* * * the law in effect at the time appellant filed his application for the permit is the law which must control his rights * * *."

At the time the application was made here, Ordinance No. 1965-27 was in effect. Hence, if by its terms it applies to plaintiff's land then the ordinance would not violate the rule prohibiting retroactive application of zoning ordinances.

Ordinance No. 1965-27 provides "that when any land shall be annexed hereinafter * * * it shall be classified as a Class U-1 Use District (Single Family House) * * *."

Section 4 of Ordinance No. 1965-27 reads:

"This resolution is hereby declared to be an emergency measure immediately necessary for the preservation of the public peace, health and safety. Such necessity exists by reason of the fact that in order that the *presently annexed land be immediately placed in a single family use district* it is necessary to have this ordinance become effective at once. Wherefore this resolution shall take effect and be in force from and after its passage and upon the signature of the mayor." (Emphasis added.)

Although the use of the word "hereinafter" indicates an intention on the part of city council that the ordinance

should apply only to annexations occurring after its enactment, the above-emphasized language of Section 4 of the ordinance makes the terms of the ordinance ambiguous. We are of the opinion, however, that the language of Section 4, that the ordinance is to be put into immediate effect in order to place "presently annexed land" in a single family use district, must govern. That language unequivocally demonstrates that city council intended the ordinance to apply to plaintiff's land, which was in the "presently annexed" category at the time of adoption of the ordinance.

We see no reason not to give effect to the clearly expressed intention of city council, as evidenced by the circumstances under which the ordinance was passed and the language of the ordinance itself.

Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ. concur.