Turner, J.
 

 Appellant challenges the validity of both the rezoning Ordinance No. 4708 and the “interim” or “stop-gap” Ordinance No. 4709.
 

 That Ordinance No. 4708 was aimed solely at appellant’s property is obvious. There was no other property to be affected. It is undisputed that in the absence of the stop-gap Ordinance No. 4709, a clear legal duty rested upon appellee to issue the building permit. The real question here is: Did the city have the right, by stop-gap ordinance, to hold off appellant until it could put into effect an ordinance rezoning appellant’s property?
 

 Appellee’s brief contains the following statement:
 

 ‘ ‘ The pleadings do not show, but it is shown by stipulation included in the transcript of testimony that relator’s plans and specifications were in proper order and it would have been entitled to a permit, except for the provisions of the interim ordinance, forbidding the issue of the permit while the zoning amendment was under consideration. The building inspector refused the permit.”
 

 So far as the federal Constitution is concerned, it is clear that an Ohio municipality has the right to adopt a comprehensive zoning ordinance.
 
 Village of Euclid
 
 
 *262
 
 v.
 
 Ambler Realty Co.,
 
 272 U.
 
 S., 365, 71
 
 L. Ed., 303, 47 S. Ct., 114, 54 A. L. R., 1016.
 

 Section 19 of Article I of the Constitution of Ohio provides, in part: “Private property shall ever be held inviolate but subservient to the public welfare.” Section 3 of Article XVIII of the Constitution of Ohio provides: “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws.”
 

 By Sections 4366-7 to 4366-11, General Code, the Legislature has provided by general laws for the zoning of municipalities. However, Section 4366-12, General Code, provides, in part, as follows: “Nothing contained in the foregoing Sections 4366-7 to 4366-11 inclusive shall be deemed to repeal, reduce or modify any power granted by law or charter to any municipality, council or other legislative body of a municipality nor to impair or restrict the power of any municipality under Article XVIII of the Constitution of Ohio.”
 

 In the case of
 
 Bauman
 
 v.
 
 State, ex rel. Underwood, Director of Law,
 
 122 Ohio St., 269, 171 N. E., 336, this court held that Section 4366-12, General Code, yields unrestricted powers to municipalities in respect of zoning,
 
 if such powers are granted by the municipal charter.
 
 It was further held in that case that a charter city may, by majority of all the members of the' council, amend a zoning ordinance, notwithstanding the fact that the city planning commission has failed and refused to approve such amendment, and the further fact that the zoning ordinance itself provides that it can only be amended by a three-fourths vote when the proposed amendment has not been approved and concurred in by the city planning commission.
 

 The record shows that on July 28, 1931, Shaker Heights adopted a charter pursuant to Article XVHI
 
 *263
 
 of the Constitution of Ohio, which charter provides,
 
 inter alia:
 

 “There are hereby reserved to the city of Shaker Heights all powers, general or special, governmental or proprietary, which may now or hereafter lawfully be possessed or exercised by any municipal corporation of Ohio. No enumeration herein of specific powers shall be held to be exclusive.
 

 “The powers of this city may be exercised in the manner prescribed in this charter, or, to the extent that the manner is not prescribed herein, in such manner as the council may prescribe.
 
 The powers of the city may also he exercised, except as a contrary intent appears ■in this charter or in the enactments of the council conformably thereto, in such rncmner as may now or hereafter he provided hy the general lato of Ohio.”
 
 (Italics ours.)
 

 The record shows that: “Ordinance No. 4709 was enacted by the council of the city of Shaker Heights at a regular meeting held by it on February 12, 1940, in the manner provided by Section 5 of Ordinance No. 4162. [Section 5 of Ordinance No. 4162 provides that any emergency measure or any measure of a series necessary to provide for making or paying for a public improvement except the first of such series, may be passed after one reading.]
 

 “Ordinance No. 4708 was reported back to the council of said city by the planning commission on March 11,1940, with a recommendation that it be passed. Said council thereupon set a public hearing upon said Ordinance No. 4708 to be held at the council chamber on April 15,1940, and published notice of said public hearing in a newspaper of general circulation within said city for thirty days before the date thereof, and during said thirty days the text of said ordinance together ■with the report of the planning commission was kept on file for public examination in the office of the clerk of the council. Said Ordinance No. 4708 was enacted
 
 *264
 
 on April 15, 1940, in the manner provided by Section 5 of Ordinance No. 4162, after public hearing' thereon.”
 

 Neither Section 5 of Ordinance No. 4162 nor the charter, so far as the record shows, requires any public hearing, on an ordinance of any kind.
 

 There being no contrary intent in the charter or in the enactments of council conformably thereto, so far as the record shows, and council having proceeded in the enactment of Ordinance No. 4708 in accordance with Section 4366-11, General Code, it is clear that in the matter of zoning, council was proceeding under the legislative authority of Sections 4366-7 to 4366-11, General Code. Therefore the above-quoted exception in Section 4366-12, General Code, is not applicable. Herein lies the difference between the instant case and the case of
 
 Bauman
 
 v.
 
 State, ex rel. Underwood, Director of Law, supra.
 
 In this last-mentioned case, the record shows that all proceedings were under the Akron charter, which, in Section 100 thereof, provided for a city planning commission, whose powers and duties were set forth in Sections 101 and 102 of that charter.
 

 As the Akron charter fully covered the powers exercised by the council in that case, and as the provision of Section 4366-12, exempted the application of Sections 4366-7 to 4366-11, General Code, to legislation under the Akron charter, there could be no question but that the provisions of the charter controlled.
 

 In the instant case, the procedure being under Sections 4366-7 to 4366-11, General Code, compliance with such statutes was necessary.
 

 Section 4366-11, General Code, provides, in part, as follows: “The council or other legislative body may, from time to time, amend or change the number, shape, area or regulations of or within any district or districts ; but no such amendment or change shall become effective unless the ordinance proposing such amendment or change shall first be submitted to the planning commission, board or officer for.approval, disapproval,
 
 *265
 
 or suggestions and the planning commission, board or officer shall have been allowed a reasonable time, not less than thirty days, for consideration and report. * * * Before any ordinance, measure, or regulation authorized by this and the three foregoing sections may be passed, the council or other legislative body shall hold a public hearing thereon, and shall give thirty days’ notice of the time and place thereof in a newspaper of general circulation in the municipality; and during said thirty days the text or copy of the text of such ordinance, measure or regulation, together with the maps or plans or copies thereof forming part of or referred to in said ordinance, measure or regulation and the maps, plans and reports submitted by the planning commission, board or officer shall be on file, for public examination, in the office of the clerk of the council or other legislative body or in such other office as may be designated by the council or other legislative body. No such ordinance, measure or regulation which violates, differs from or departs from the plan or report submitted by the planning commission, board or officer shall take effect unless passed or approved by not less than three-fourths of the full membership of the council or other legislative body. ’ ’
 

 The matter thus resolves itself to the question whether, by the so-called stop-gap ordinance, council may dispense with the requisite steps provided by Section 4366-11, General Code, and thus put into effect the anticipated legislation not only earlier than otherwise permitted but contrary to the plain mandate of the statute that no such change or amendment shall be made without first submitting the proposed change or amendment to the planning commission for report and giving notice by publication of and holding a public hearing on whether the change or amendment should be made.
 

 The decisions in other states on stop-gap ordinances are in conflict. Owing to the lack of identity of consti
 
 *266
 
 tutional and/or statutory provisions, it will serve no useful purpose to discuss such decisions.
 

 Under Section 28 of Article II of the Ohio Constitution, the Legislature would be unable by such subterfuge to give retroactive effect to a law. Irrespective of whether this section is a limitation upon a municipal council, we are of the opinion that the retroactive effect given to Ordinance No. 4708 by the emergency enactment of Ordinance No. 4709 deprives appellant of its property rights without due process of law.
 

 We are of the further opinion that the council of the city of Shaker Heights was without power to adopt Ordinance No. 4709 by the procedure disclosed in the record. Such procedure clearly was not authorized by the statutes under which the city was attempting to enact its zoning legislation, to wit, Sections 4366-7 to 4366-11, General Code. We are not here passing on the question of whether the provisions of Ordinance No. 4709 might properly be -incorporated in a duly enacted comprehensive zoning ordinance with prospective operation only. Neither is the question of the prospective operation of Ordinance No. 4708 before us.
 

 The judgment of the Court of Appeals is reversed, and this cause is remanded for proceedings not inconsistent with our holding.
 

 ■
 
 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.