CITY OF SIOUX FALLS, Respondent, v. BESSLER, et al, (RITER, Intervener)
Appellants

(5 N. W.2d 633.)

(File No. 8471.  Opinion filed September 25, 1942.)
Rehearing Denied November 14, 1942

Bielski, Elliot & McQuillen, of Sioux Falls, for Appellants.

Roy D. Burns, of Sioux Falls, and R. C. Riter, of Pierre, for Respondent.

WARREN, J.  The City of Sioux Falls, a municipal corporation, brought this action to enjoin the unlawful use of the defendant's property.  Charles F. Riter served a complaint in intervention.  The defendants by their attorneys

presented to the building inspector a purported application for a permit authorizing them to construct a building on their lot, known as a multiple residence. It would seem as a matter of fact the building had already been constructed as a four-apartment building and was being used for that purpose at the time of such application.

Sometime in November, 1939, the plaintiff, City of Sioux Falls, issued a building permit to the defendants and is shown by a certain exhibit in the record giving them permission to erect a duplex upon their lots which were located within a restricted building area under a zoning ordinance of the City of Sioux Falls.

At the close of the trial the court made findings of fact and thereafter conclusions holding that the zoning ordinance applied to the property and that the construction and maintenance and use of a multiple residence or apartment building on said real property was prohibited by said ordinance. It found all issues in favor of the plaintiffs. A judgment was thereafter entered, permanently restricting and enjoining the defendants from maintaining, using and occupying or permitting the maintenance, use or occupancy of the building upon said real property as an apartment house or a multiple residence. The defendants have appealed from the judgment.

Appellants' assignments of error, fall into three main propositions. Appellants' main contention seems to be the fact that the governing body of the city neglected to appoint a board of adjustment as provided by § 26 of the City's Zoning Ordinance; that the entire ordinance is invalid as to appellants' property. This ordinance provides for a method of appeal to a board of adjustment with power to reverse rulings of the building inspector, to allow exceptions to the ordinary limitations fixed by the Zoning Ordinance and to otherwise relax regulations of said ordinance in the interest of carrying out the spirit of the Zoning Ordinance. It seems admitted that for several years no such board of adjustment had existed.

The record indicates that there had been an application for a permit to erect a building; the kind and size is in

dispute. The exhibit in the record discloses that a permit to build a duplex was granted in November, 1939, and that the court upon the disputed evidence made findings that an application to the building inspector for a permit under the building ordinance of the City of Sioux Falls to construct upon the property a duplex one story house with eight rooms had been made and that a permit to build a duplex had been granted. We believe that the evidence sustains the finding. The finding seems to be sustained by the fact that on September 11, 1940, one of the appellants, as shown by an exhibit directed to the building inspector, stated that he had made application on October 30, 1939, for a permit to build a duplex residence on the property in controversy and that he wanted to change and construct the basement so as to make the same into two apartments, thereby making said building into a four-apartment residence. It would therefore seem that the record amply sustains the finding that appellant sought permission to build a duplex and that permission was granted. The fact that a later application was made to the building inspector to build a multiple residence and the application not having been granted, appellants took no further action to set an appeal therefrom in motion does not place the appellants in the most favorable position. There was no concerted attempt to have this property re-zoned for a multiple residence except that they started the circulation of a petition which they abandoned when the intervener objected. There is no showing whatsoever by appellants of an application to the governing body of the City of Sioux Falls to change the boundaries of the use districts by an amendment of the Zoning Ordinance. As we read the appellants' contention they do not claim that they asked for re-zoning but that they wanted the building inspector to determine their right to erect, use and operate this multiple residence and in case that he failed to give them permission, then they would have a right to appeal to the board of adjustment.

It is inconceivable that the duties of the Board of Adjustment as expressed in the City Ordinance No. 26 would permit that Board to re-zone the property as that power

seems to have been granted to the governing body of the municipality exclusively by our zoning statutes, SDC 45.2601 and 45.2614 inclusive.

Under the general nature of the powers conferred and under Ordinance No. 26 upon the Board of Adjustment to make certain modifications and changes in specifications, there are certain facts hereinbefore pointed out in this opinion that could not assist appellants herein to obtain the relief petitioned for in changing the then existing building which had been erected under an application for the building of a duplex into that of a four multiple residence 43 C. J. 354.

Therefore the failure of the city to maintain a board of adjustment as defined by statute to act did not deprive the appellants of any remedy or rights which they claim to be entitled to as under the proceeding presented there was nothing therein that such a board would have had the power to act upon.

We do not believe under the record before us that much space should be devoted to the validity of the zoning regulations. The facts at issue before us as to the validity of the proceedings in zoning fall within well established authorities. The findings and the conclusions of the court must be sustained. Village of Euclid, Ohio, et al. v. Ambler Realty Company, 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, and notes 1030 et seq. See 43 C. J. 334, 335; State of Ohio ex rel. Fairmount Center Company v. Arnold, 138 Ohio St. 259, 34 N. E.2d 777, 136 A. L. R. 840, annotation p. 844; Eggebeen et al. v. Sonnenburg et al., 239 Wis. 213, 1 N. W.2d 84, 138 A. L. R. 495, annotation p. 500. There is no evidence in the record tending to show that the court could have found that the zoning ordinance as applied to the appellants' property was unreasonable and arbitrary. Hence the court was fully justified in finding that the intervening respondent had a right to rely on the Zoning Ordinance of the City of Sioux Falls in which his property and that of the appellants were zoned for certain residence use and that by the appellants erecting a multiple residence would make intervener's property less valuable and would

constitute an infringement upon his vested right to have said property used only for residence uses as provided under said zoning ordinance.

We recognize the authorities presented by the appellants as able and decisive of the particular facts at issue before them, but we are unable to apply the rules of law in those cases to the facts as presented by the record in the case before us. Here we have a different state of facts in which we must, in making our decision, take into consideration our statutes, the ordinances and the method and procedure pursued by appellants seeking permission to erect a building contrary to the zoning ordinance. A survey of the entire record and considering each and all of the various assignments of error convinces us that the trial court must be and it is hereby sustained.

The judgment appealed from is affirmed.

POLLEY, J., concurs.

RUDOLPH, P.J., and ROBERTS and SMITH, JJ., concur in the result.