Zimmerman, J.
We now revert to the question of whether a noncharter municipality such as the village of Oakwood, under the “heme rule” powers accorded it by Section 3, Article XVIII of the Constitution of Ohio, possesses the power to effectively adopt an emergency zoning ordinance such as the one in controversy or whether such municipality is governed by the provisions of Section 4366-11, General Code (Section 713.12, Revised Code), which in effect forbid such procedure.
Section 3, Article XVIII of the Constitution, confers upon municipalities the ‘ ‘ authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
In the case of Village of Perrysburg v. Ridgway, a Taxpayer, 108 Ohio St., 245, 140 N. E., 595, it was *450 held that such section is self-executing, and that the power of local self-government is inherent in all municipalities regardless of enabling legislation and the existence of municipal charters.
It has also been held that under such powers of local self-government a municipality may enact ordinances relating to the subject of zoning. Pritz v. Messer, 112 Ohio St., 628, 149 N. E., 30.
But how and in what manner is such power to be exercised?
The Constitution of Ohio provides two ways. By Section 2, Article XVIII, a mandatory duty is placed upon the General Assembly to enact laws for the incorporation and government of cities and villages, and Section 7, Article XVIII, grants a municipality the option of determining its own plan of local self-government by framing and adopting a charter. If a municipality adopts a charter it thereby and thereunder has the power to enact and enforce ordinances relating to local affairs, but, if it does not, its organization and operation are regulated by the statutory provisions covering the subject.
In other words, by Sections 3 and 7 of Article XVIII of the Constitution, a municipality has the power to govern itself locally in certain respects. The statutes in no way inhibit such power but merely prescribe an orderly method for the exercise of such power where the municipality has not adopted a charter and set up its own governmental machinery thereunder.
The. General Assembly in adopting a statutory plan for the government of municipalities generally, as required by the Constitution, has specified the procedure to be followed with respect to the adoption of zoning ordinances. This procedure is designed to safeguard property rights and to give property owners a fair opportunity to enter a protest against an ordi *451 nance or regulation which may materially interfere with the use of their property or decrease its value. But the plaintiffs contend that the General Assembly by the language employed in Sections 4366-12 and 4366-12a, General Code (Sections 713.14 and 713.13, Revised Code), recognized the import and significance of Section 3, Article XVIII of the Constitution, and specifically exempted noncharter municipalities from the operation of the zoning statutes. The pertinent statutory language is as follows:
“Nothing contained in the foregoing Sections 4366-7 to 4366-11 inclusive shall be deemed to repeal, reduce or modify any power granted by law or charter to any municipality, council or other legislative body of a municipality nor to impair or restrict the power of any municipality under Article XVIII of the Constitution of Ohio.”
“It shall be unlawful to erect, construct, alter, repair, or maintain any building or structure or to use any land in violation of any zoning ordinance or regulation enacted or adopted under and pursuant to Sections 4366-7 to 4366-11, inclusive, of the General Code, or Section 3 of Article XVIII of the Ohio Constitution. ’ ’
It would appear to us that the quoted language has reference to those municipalities which have adopted charters and which have incorporated provisions in such charters with respect to enacting ordinances pertaining to the subject of zoning and does not embrace any inherent powers of noncharter municipalities to pass zoning ordinances, otherwise than prescribed by statute.
Since the noncharter village of Oakwood was subject to the statutory enactments with respect to the procedure to be followed in the adoption of zoning ordinances, it was required to follow the provisions of Section 4366-11, General Code (Section 713.12, Re *452 vised Code), which necessitated a public hearing preceded by a 30-day notice thereof, and the emergency ordinance it attempted to adopt in a manner contrary to such statute was wholly unauthorized and ineffective.
We believe the position we have taken finds support, in principle at least, in the case of State, ex rel. Fairmount Center Co., v. Arnold, Dir., 138 Ohio St., 259, 34 N. E. (2d), 777, 136 A. L. R., 840.
Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Middleton, Taft, Hart and Stewart, JJ., concur.