Matthias, J.
The single question presented by this appeal is whether the issuance of a building permit is governed by the law in effect at the time of the application for such permit or is governed by an amendment to such law enacted during the pendency of litigation to compel the issuance thereof.
It is stipulated by the parties that appellant complied with all the provisions of the ordinances in effect at the time he made his application, and it is further conceded that appellant’s building could not comply with the existing amended ordinances.
The Court of Appeals determined that the amendatory or *3 dinance applied, basing its judgment on two authorities. First, the court relied on our decision in Smith v. Juillerat, 161 Ohio St., 424, 119 N. E. (2d), 611, in which we said:
“The rule seems to be that where no substantial nonconforming use has been made of property, even though such use is contemplated, and money has been expended in preliminary work to that end, a property owner has acquired no vested right to such use and is deprived of none by the operation of a valid zoning ordinance denying the right to proceed with his intended use of the property. ’ ’
The decision in that case is not applicable to the case at bar. In Juillerat the question was whether a nonconforming use existed. In that controversy, a defendant held a license which permitted it to engage in strip mining upon certain lands. A zoning resolution pending at the time such license was issued and enacted before such strip mining began had the effect of making such mining illegal. Although such defendant had spent money on preliminary work pertaining to the contemplated strip-mining operation, the courts determined that such defendant had not in fact perfected a nonconforming use and thus that it had no vested right prior to the effective date of the ordinance rendering strip mining illegal.
It is to be observed that, unlike the appellant in the instant case, such defendant in Juillerat had in fact obtained a license. Thus, had such defendant in that case acted promptly, it could have perfected a nonconforming use which use would have exempted it from the operation of the law as changed. On the other hand, in the instant case, because the appellee has refused to issue appellant a permit to'build, his right to establish what, under the amendatory ordinance, would have become a nonconforming use never accrued. Obviously, without a permit, the appellant would have been guilty of illegal conduct by attempting to establish such a use. The ability to establish a nonconforming use constitutes a valuable right and one which cannot be abrogated by the simple expedient of withholding a building permit. If an applicant for a building permit qualifies for it under law existing at the time of application, such permit must be issued.
As the second authority for its judgment, the Court of Ap *4 peals relied upon the following statement in the annotation in 169 A. L. R., 584:
‘ ‘ Change in law pending application for permit or license.
* ‘ So far as can be determined from the reported cases, it is generally acknowledged that a change in the law pending an application for a permit or license is operative as to such application, and that the law as changed, rather than as it existed at the time the application was filed, determines whether the permit or license should be granted. ’ ’
However, it is to be noted that, in a subsequent paragraph of the same A. L. R. article relied upon by the Court of Appeals, Ohio is listed as one of those jurisdictions which adheres to a view contrary to the one above quoted. The author of that article then cited two cases as representing the Ohio law: Hauser, Commr. of Bldgs., v. State, ex rel. Erdman, 113 Ohio St., 662, 150 N. E., 42, and State, ex rel. Fairmount Center Co., v. Arnold, 138 Ohio St., 259, 34 N. E. (2d), 777, 136 A. L. R., 840.
The principie that the law in effect at the time appellant filed his application for the permit is the law which must control his rights and no subsequent action of the city council can defeat such right is well stated in State, ex rel. Ice & Fuel Co., v. Kreuzweiser, Inspr. of Bldg., 120 Ohio St., 352, at 354, 166 N. E., 228, as follows:
‘ ‘ This action having been instituted on October 16,1928, the question presented is whether the relator was then entitled to the writ of mandamus prayed for. If it was, any action thereafter taken by the municipal authorities, whether by so:called emergency ordinance or otherwise, cannot serve to defeat that right or affect the jurisdiction of the court to grant the remedy to which the relator was then entitled.”
In State, ex rel. Fairmount Center Co., v. Arnold, supra (138 Ohio St., 259), we held in the first paragraph of the syllabus: •
“A municipal council may not, by the enactment of an emergency ordinance, give retroactive effect to a pending zoning ordinance thus depriving a property owner of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application for such permit.”
In the Hauser case, supra, Jones, J., had this to say con *5 cerning a question similar to the one with which we are now confronted:
“The zoning ordinance was passed April 1, 1924. Had the building commissioner issued the permit on January 21, 1924, as he was required to do under the facts agreed to, the relator would have had an opportunity to fully comply with the provisions of subsection 452-90 of the ordinance * * * pertaining to the starting and completion of the building within the time limit authorized therein. Because of the refusal of the officer to issue the permit on the date prior to the passage of the ordinance, the relator was threatened with the loss of a valuable right later recognized and protected by the zoning ordinance thereafter adopted. He had fully complied with the state and city building codes when he filed his application for a permit, and there seems to have been no reason why it was refused other than the insistence that a zoning ordinance was pending at the time.”
It is, of course, fundamental that the state and municipalities may, within the police power, regulate the use of land and the construction of buildings and may from time to time change or amend such regulations. Therefore, it is true that an owner of property has no vested right to use that property in any particular manner unless such property has been devoted to that use prior to the regulation thereof.
Thus it is established that under the police power the use of land and the construction of buildings may be regulated, and further that a property owner has no vested right in the continuance of any particular regulation. However, once regulations have been established, and so long as such regulations are in force, the state and its subdivisions are as much bound as the people to abide by such regulations. In other words, laws bind the state as well as the people.
Thus, where, as in the instant case, a property owner has complied with all the legislative requirements for the procurement of a building permit and his proposed structure falls within the use classification of the area in which he proposes to build it, he has a right to such permit, and there is a duty on the part of the officer charged therewith to issue it. Subsequent legislation enacted pending applicant’s attempted enforcement *6 of such right through administrative or legal channels cannot deprive him of the right. The right became vested, under the law applicable thereto, upon the filing of the application for the permit.
We having determined that the law in effect at the time of the application for the permit controls the issuance thereof, it follows that the judgment of the Court of Appeals must be reversed.

Judgment reversed.

Zimmerman, Taft, Bell and Herbert, JJ., concur.