Herbert, J.,
dissenting. I feel compelled to disagree with my colleagues in their disposition of this cause for the reason that further exploration is indicated within the confines of the law of zoning, the purpose of the functions of adjudications by municipal administrative agencies, and the importance of the use of appellate procedures set out in the statutes for appeals from the decisions of administrative agencies of political subdivisions to the courts, and the effect of failure to appeal.
A number of years ago, the Council of the City of Columbus enacted a comprehensive zoning code, which included a section creating the Board of Zoning Adjustment and investing it with the power and authority to grant a variance under certain conditions on appeal from the restrictions of a zoning classification.
Section 2506.01 et seq. and Sections 2505.01 to 2505.45, inclusive, Revised Code, provide an elaborate and comprehensive method of appeal to the Court of Common Pleas from any decision of any agency of any political subdivision. Further appeal is provided to the Court of Appeals and to the Supreme Court. Section 2506.04, Revised Code, in part provides that:
“The court may find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court.” (Emphasis added.)
On March 17, 1960, relator filed an application for a building permit with the respondent (roller, Superintendent of Building Regulations of the City of Columbus, for tract B. Respondent G-oller refused the permit, giving as his reason that tract B was zoned SR (suburban residential). On April 6, 1960, relator appealed from respondent Goller’s decision to the Board of Zoning Adjustment and at the same time filed an application for a variance under the provisions of paragraph (b) of Section 3309.06 of the Columbus City Code. On April 29, 1960, a formal hearing on the appeal and applica *344 tion was commenced. Not being able to complete the taking of all the evidence at this hearing, the cause was continued for further hearing on May 20, 1960. In the meantime, on May 16, 1960, the Council of the City of Columbus adopted Ordinance No. 618-60, an emergency measure, amending Section 3309.06 of the city Code and repealing the existing section. On May 20, 1960, at the resumption of the hearing before the board, the question was raised as to the effect of the adoption of emergency Ordinance No. 618-60. This question was argued and briefed. The board then took further testimony and, upon consideration, a variance was granted.
Respondents did not appeal from the decision of the hoard to the Court of Common Pleas. The appeal, mentioned in the majority opinion, was attempted by strangers to the instant case but was dismissed for failure to give proper notice of appeal. It was not heard on the merits.
Relator then filed another application for a building permit with respondent Goller, following the decision of the Board of Zoning Adjustment granting the variance. Respondent Goller denied this application also, saying that his denial was based upon advice of the city attorney.
Actions, which include mandamus, seeking the issuance of an extraordinary writ, may not be made a substitute for appeal. This is a principle of law so deeply imbedded in numerous decisions of this court that citations are not necessary.
The adjudication of a board or commission, exercising judicial or quasi-judicial functions, is final unless such adjudication is appealed to a superior tribunal empowered to review the decision. Such decision or adjudication may not be collaterally attacked in an entirely separate and independent action. State, ex rel. Stein, v. Sohngen, Dir. of Dept. of Liquor Control, 147 Ohio St., 359; Preston, Dir., v. Weiler, 175 Ohio St., 107 (36 Ohio Bar, No. 26, July 1, 1963); Sargent v. City of Cincinnati, 110 Ohio St., 444; Emery v. City of Toledo, 121 Ohio St., 257; and State, ex rel. McKay, Exr., v. Kauer, Dir., 156 Ohio St., 347.
Had respondents appealed, the whole record, including all the testimony and evidence under oath, would have been before the reviewing court. Section 2506,02, Revised Code, Not having *345 done so and not having utilized the procedure specifically pro: vided by the General Assembly for respondents’ use in the premises, they cannot now inject in a collateral action the specific issue which was decided by the Board of Zoning Adjustment as provided by the Constitution and laws of the state of Ohio. In brief, respondents have not followed due process of law.
The two ordinances hereinbefore mentioned are deserving of consideration. One was the original ordinance, Section 3309.06 of the city Code, and the other the emergency ordinance, No. 618-60, which was adopted on May 16, 1960, after the hearing before the Board of Zoning Adjustment had commenced. The question arises as to which ordinance determines the quantum of evidence required of relator to prevail in a hearing before the Board of Zoning Adjustment. In each ordinance the board was authorized to grant a variance. In the absence of a record, much is left to pure speculation. Had there been an appeal, the reviewing court would have had the “whole record” before it, and resort to guesswork, speculation and conclusions would have been avoided.
The cases indicate that the law in effect at the time of the commencement of an action is the law that will be controlling, even though there is an emergency measure enacted which repeals the original law or ordinance during the hearing instituted prior to repeal.
State, ex rel. Fairmount Center Co., v. Arnold, Dir. and Inspr., 138 Ohio St., 259, has this to say in the first paragraph of the syllabus:
“A municipal council may not, by the enactment of an emergency ordinance, give retroactive effect to a pending zoning ordinance thus depriving a property owner of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application for such permit.”
Gibson v. City of Oberlin, 171 Ohio St., 1, speaks as follows in the second paragraph of the syllabus:
“In the enactment of a zoning ordinance, a municipal council may not give retroactive effect to such ordinance so that a property owner is deprived of his right to a building permit in accordance with a zoning ordinance in effect at the time of the *346 application for such permit. (State, ex rel. Fairmount Center Co., v. Arnold, Dir. and Inspr., 138 Ohio St., 259, Hauser, Commr. of Bldgs., v. State, ex rel. Erdman, 113 Ohio St., 662, approved and followed.)”
State, ex rel. Ice & Fuel Co., v. Kreuzweiser, Inspr., 120 Ohio St., 352, at page 354, states the following:
“This action having been instituted on October 16, 1928, the question presented is whether the relator was then entitled to the writ of mandamus prayed for. If it was, any action thereafter taken by the municipal authorities, whether by so-called emergency ordinance or otherwise, cannot serve to defeat that right or affect the jurisdiction of the court to grant the remedy to which the relator was then entitled.” (Emphasis added.)
A reviewing court with all available information and possessed of a complete record would be on much firmer ground to decide which ordinance governed.
A citizen is entitled to have every right to the use of his property guaranteed to him by the Constitution of the state of Ohio. Our state Constitution looks upon private property as inviolate, “but subservient to the public welfare.” Section 19, Article I, Constitution of Ohio.
In the statutes providing for an appeal from a decision of an agency of a political subdivision to the Court of Common Pleas, one of the duties imposed upon that court is to determine whether such decision is consistent with the Constitution. Another duty requires the court to determine whether there is a preponderance of substantial probative evidence to support the claim of the relator. Section 2506.04, Revised Code.
In the case at bar, this court is powerless to pass upon a constitutional question of the validity of either ordinance for that matter. It does not have the entire record of the proceedings held before the Board of Zoning Adjustment. It cannot, for the same reason, determine what is or is not a preponderance of the evidence. That limitation, of course, is likewise imposed upon this dissenting opinion.
In passing upon a demurrer in the case at bar, the parties did submit a limited agreed statement of facts. There is no *347 claim, of course, that it is the whole record, nor does it give the exact testimony of witnesses. However, there is a finding of a building inspector, exhibit E, to this effect: “Area cannot be used for anything other than commercial.'”
That exhibit is not disputed, contradicted or denied. The same inspector found the case to be one of “hardship.” That finding is not disputed. It is also agreed that tract B adjoins a 10-acre tract zoned commercial to permit the building of a shopping center. The relator here owns the 10-acre tract as well as the adjoining tract B of 7.3 acres. The relator desires to build on tract B, extending the shopping center.
In State, ex rel. Killeen Realty Co., v. City of East Cleveland, 169 Ohio St., 375, paragraph three of the syllabus is in this language:
“Where a municipality’s zoning ordinances authorize the granting of a variance in hardship cases, where it is shown that a proposed use of the land in question is in harmony with the needs and nature of the community, and where no economically feasible use of such land may be made under existing soning designation, it is an abuse of discretion on the part of the municipality’s officials possessing the discretion and the power to do so to refuse to grant a variance.” (Emphasis added.)
The fact that the parcel, tract B, is useless for any other purpose than commercial subjects relator to a substantial financial loss. The denial is an abuse of discretion.
In the opinion in the Killeen case, supra, at page 380, the following is quoted with favor from Chicago Title & Trust Co. v. Village of Franklin Park, 4 Ill. (2d), 304:
“ ‘* * * We here * * * reach tibe same conclusion that the trial court was correct in its determination that the property in question is wholly unsuited for residential purposes, that to solely restrict its use has the effect of destroying substantial values, that such an ordinance bears no relation to public health, safety, morals or general welfare and is therefore unconstitutional, illegal and void.’ (Emphasis added.)”
In the absence of “the whole record,” it is impossible for this court to pass upon the questions of constitutionality that may have arisen before the Board of Zoning Adjustment. There *348 is no indication before this court that the variance would cause any damage, injury or interference with any residential right or privilege. It is undisputed that the area — tract B — is useless for any purpose other than commercial. The interference with relator’s use of his property does not benefit anyone whatsoever, but, on the other hand, it does cause relator substantial financial damage. We have here a suggestion, at least, of confiscation. However, as has been pointed out, and we urge again, that had an appeal been taken as provided by law, all these questions “upon the whole record” would have been submitted to the Common Pleas Court and disposed of either in such court or upon further appeal.
Relator has exhausted all his remedies at law save and except recourse to this action in mandamus.
Having failed to appeal from the decision of the Board of Zoning Adjustment to the Court of Common Pleas, the respondents may not now in a collateral action inject an issue that has been adjudicated and finally determined in another forum as provided by law.
The writ of mandamus should be allowed.
Gibson, J., concurs in the foregoing dissenting opinion