**ZAREMBA DEVELOPMENT COMPANY et al., Appellants,**

v.

**CITY OF FAIRVIEW PARK et al., Appellees.**

[Cite as *Zaremba Dev. Co. v. Fairview Park* (1992), 84 Ohio App.3d 174.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63118.

Decided Dec. 7, 1992.

*Spieth, Bell, McCurdy & Newell, Timothy J. Grendell* and *Nancy A. Shaw,* for appellants.

*Patrick Roche,* Law Director, and *Karl Kubb,* for appellees.

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar, pursuant to App.R. 11.1 and Loc.R. 25, the record from the Cuyahoga County Court of Common Pleas, and the briefs of counsel. Appellants, Zaremba Development Company and Zaremba Group, Inc. ("Zaremba") challenge the trial court's judgment affirming the decision of the city of Fairview Park's Board of Zoning and Building Appeals ("the board"), which denied their request for variance.

We reverse.

On May 7, 1990, Ordinance No. 90–43 amended was placed before the City Council of the city of Fairview Park, Ohio ("the city"). The ordinance would authorize a city-wide referendum to determine whether a certain property could be rezoned from residential multifamily to residential single-family units. The issue was to be voted on the November 6, 1990 general elections by residents of the city. On May 21, 1990, the city council had a second reading of the ordinance.

Zaremba purchased the property in question at a public auction on June 28, 1990. On August 3, 1990, Zaremba sought a permit from the city to develop the property for residential multifamily use. At the time of Zaremba's application, the property was zoned for a residential multifamily use.

On August 6, 1990, the city council, after a public hearing, adopted Ordinance No. 90–43 into law, thereby reclassifying the said property from residential multifamily to residential single-family. The ordinance was then placed into the November 6, 1990 ballot for approval by the electorate.

On August 20, the city council by resolution urged the Planning Commission and the Architectural Board of Review ("the review board") to defer all actions on the subject property until after the November 6, 1990 elections. This action was taken in accordance with Section 1149.05(h) of the city's codified ordinances. Both the planning commission and the review board deferred action on the subject property.

On November 6, 1990, the city electorate voted to approve the amendment, thus reclassifying the property from residential multifamily to residential single-family. Zaremba was subsequently informed of the reclassification.

■ Appellant argues that *Gibson v. Oberlin* (1960), 171 Ohio St. 1, 12 O.O.2d 1, 167 N.E.2d 651, is dispositive of this case. We agree. The *Gibson* court addressed the issue of a city's right to enact a law retroactively, in an attempt to deny a property owner a right to the use of his property when the use of that property is in accordance with the law at the time of the property owner's application. The court held:

"Thus, where * * * a property owner has complied with all the legislative requirements for the procurement of a building permit and his proposed structure falls within the use classification of the area in which he proposes to build it, he has a right to such permit, and there is a duty on the part of the officer charged therewith to issue it. Subsequent legislation enacted pending applicant's attempted enforcement of such right through administrative or legal channels cannot deprive him of the right. The right became vested, under the law applicable thereto, upon the filing of the application for the permit."

It follows that the city was duty bound to issue a building permit to appellant and its refusal to so issue due to a subsequent passage of the amendment to rezone the property constituted an impermissible retroactive application of the law, for which we now nullify. See *Gibson, supra,* at paragraph two of the syllabus. So we sustain appellant's first assignment of error.

█ Appellants also challenge the city ordinance as constituting an unconstitutional delegation of legislative authority to an administrative body.

While we do not view the ordinance in the same light as do the appellants (as an unconstitutional delegation of legislative authority to an administrative body), we do, however, declare it unconstitutional to the extent that the result of such delay deprives a property owner of a vested right to use his property in accordance with the law in effect at the time of his application for such permit. See *State ex rel. Ice & Fuel Co. v. Kreuzweiser* (1929), 120 Ohio St. 352, 354, 166 N.E. 228, 229. See, also, *State ex rel. Fairmount Ctr. Co. v. Arnold* (1941), 138 Ohio St. 259, 20 O.O. 330, 34 N.E.2d 777.

Appellants' second assignment of error is sustained to the extent stated in this opinion. The trial court's judgment is reversed and judgment is entered for appellants, consistent with this opinion.

*Judgment reversed.*

MATIA, P.J., DYKE and HARPER, JJ., concur.