**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0302n.06
Filed: April 23, 2009

**No. 08-1041**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DAVID C. BROWN,                              )
                                             )
    Plaintiff-Appellant,               )
                                             )    ON APPEAL FROM THE UNITED
v.                                           )    STATES DISTRICT COURT FOR THE
                                             )    EASTERN DISTRICT OF MICHIGAN
CITY OF ECORSE and CARL BROWN,               )
    Defendants-Appellees.              )
                                             )

    Before: GIBBONS and McKEAGUE, Circuit Judges, and SHADUR, Senior District Judge.[*]

    **SHADUR**, Senior District Judge. David C. Brown ("Brown") appeals from a district court order granting summary judgment for both his targeted defendants -- City of Ecorse ("Ecorse") and Carl Brown, an Ecorse official sued in his official capacity[1] -- in an action brought under 42 U.S.C. §1983 ("Section 1983") and the Fourteenth Amendment. That summary judgment order rejected Brown's contention that Ecorse violated his "constitutionally

---

[*] The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] Because the claim against Carl Brown in his official capacity is nothing more than a claim against Ecorse itself (see, e.g., Kentucky v. Graham, 473 U.S. 195, 165-66 (1985)), his being named as a codefendant is pure surplusage and may be ignored (id.). Hence we refer only to Ecorse in the balance of this opinion.

protected property and liberty interest to pursue his occupation as a developer by harassment and in delay in not granting" him permits to construct three modular homes in Ecorse.[2]

For the reasons stated hereafter we affirm the district court's order. In sum, because the City of Ecorse Zoning Ordinance ("Ordinance") gave its Building Department (and also its Zoning Board of Appeals ("Zoning Board")) the discretion to reject Brown's application for building permits, he did not have a constitutionally-protected property interest in the permits he sought. And lacking that property interest, he could not sustain an action based on deprivation of his procedural and substantive due process rights.

## BACKGROUND

According to Brown's Complaint, on or about December 15, 2005 he applied for building permits to build modular homes on each of three vacant lots he owned in Ecorse. As required, Brown submitted site plans to the Building Department with the application. His application was not approved. Brown states via affidavit that the Building Department never provided a written explanation for the denial of his application and that he was instead referred to Ecorse's mayor, who told him, "I don't want them homes over here in Ecorse at all. Your home is ugly, and we don't appreciate that home being here in Ecorse. I'm not going to have any more of those houses built. I'm going to have that house torn down."[3]

---

[2] As noted by the district court, "[a]lthough Plaintiff's Complaint alleges liability based upon a liberty interest, he did not pursue that basis in his response to Defendants' motion [for summary judgment]." Nor does Brown pursue that basis on appeal. Accordingly we confine our analysis to the key issue before us: whether Brown has a protected property interest needed to support his Complaint.

[3] Because, as stated in the next section of this opinion, we (like the district court) must credit Brown's version of events, what has just been described in the text is accepted as true on this appeal.

2

Ecorse contends that its building code official Carl Brown determined that Brown's lots failed to meet the minimum square footage requirements for residential homes under Ordinance §15.005.[4] Ecorse states that Carl Brown also considered Ordinance §4.004 entitled "One Family Dwelling Regulations," which says that such dwellings shall be "aesthetically compatible in design and appearance to homes in the neighborhood in which it is located."

Although his application was not approved, Brown did not appeal the Building Department's decision to the Zoning Board as permitted under Ordinance § 4.004(h). Instead Brown filed his district court Complaint in May 2006. Over 18 months later, on December 7, 2007, that court granted summary judgment for Ecorse and dismissed the Complaint and the action.

Brown now seeks to present two issues: (1) whether the district court erred when it concluded that he had no protected property interest in the issuance of the building permits for which he applied and (2) whether denial of those permits constituted violations of his substantive and procedural due process rights.[5] As to the first issue, Brown argues that he had a protected property interest because the building inspector had so little discretion regarding his application that approval should have been virtually assured. As to the second, Brown contends that there was no rational basis related to legitimate state concerns for denying his application. Because we hold that Brown falls at the first hurdle, we do not address the second.

---

[4] Brown counters that the lots were sufficiently large. Again we must credit that response.

[5] Brown does not revisit the equal protection arguments that he had raised in the district court.

## STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. §1291.[6]  Our review of orders granting summary judgment is conducted de novo (Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)).  To that end "we must assume the truth of the non-moving party's evidence and construe all inferences from that evidence in the light most favorable to the non-moving party" (Ciminillo v. Streicher, 434 F.3d 461, 464 (6th Cir. 2006)).  Motions for summary judgment must be denied in cases when a genuine issue of material fact exists -- "when there is sufficient evidence for a trier of fact to find for the non-moving party" (id.).

## APPLICATION OF THE STANDARD

To prevail under Section 1983 Brown "must establish that a person acting under color of state law deprived [him] of a right secured by the Constitution or the laws of the United States" (Waters v. City of Morristown, 242 F.3d 353, 358-59 (6th Cir. 2001)).  To that end Brown has charged that Ecorse deprived him of his procedural and substantive due process rights under the Fourteenth Amendment, which provides in relevant part that a State shall not "deprive any person of life, liberty, or property, without due process of law" (U.S. Const. amend. XIV, §1).  With the existence or nonexistence of "property" being at issue here, Brown cannot reach the question of a deprivation of procedural or substantive due process rights unless he is first able to show that he

---

[6] We find this case to be ripe for adjudication.  While the Ordinance provides that Brown could have appealed the Building Department's denial of his application to the Zoning Board, his failure to do so does not render his claim constitutionally unripe (see Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 193 (1985)).  We find the case to be prudentially ripe as well.  We see no reason to force Brown to go before the Zoning Board to develop the record, and nothing is to be gained by postponing the substantive resolution of Brown's Section 1983 claim, given our ability to decide on the merits now (see Ky. Press Ass'n v. Kentucky, 454 F.3d 505, 509 (6th Cir. 2006)).

had a constitutionally-protected property interest (Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (procedural due process); Silver v. Franklin Twp. Bd. of Zoning Appeals, 966 F.2d 1031, 1036 (6th Cir. 1992) (substantive due process)).

If a zoning authority retains discretion to issue or deny a building permit, an individual whose permit application has been rejected has no protected property interest (Silver, 966 F.2d at 1036). In Silver we held that a plaintiff in a zoning case could not show that his substantive due process rights were violated unless he could first establish that he had a constitutionally-protected property interest (id.). At issue there was the township's rescission of a conditional use permit that the plaintiff had been granted to construct residential dwellings (id. at 1031-33). To establish a property interest the plaintiff had to show that the zoning appeals board lacked discretion to deny his desired use of the land if he complied with certain mandatory minimum requirements (id. at 1036). That is, if the board retained the discretion to deny the plaintiff's zoning certificate even after he had complied with those requirements, he had no protected property interest (id.). Such a property interest would exist, however, if the board's discretion were so circumscribed that approval of the plaintiff's proposed use of the property became mandatory once he complied with the minimal requirements imposed on him (id.). Discretion by zoning authorities to limit the use of property lawfully is therefore the key to establishing whether a plaintiff has a property interest in zoning cases such as this one.

Despite Brown's arguments to the contrary, the district court was correct in finding the absence of a protected property interest in the building permits for which he applied, because the Building Department retained discretion as to whether those permits would issue. Under Ordinance §4.004(h) it is the Building Department's responsibility to determine in the first

5

instance whether dwellings are "aesthetically compatible in design and appearance to homes in the neighborhood in which it is located." That provision confers discretion on the Building Department to approve or deny building permits. While Brown may have hoped that his application would be granted, hopes alone -- though they may spring eternal -- do not create a constitutionally-protected property interest. That alone dispatches Brown's lawsuit.[7]

Apparently undaunted by his lack of a protected property interest, Brown attempts to resurrect his claim on appeal by asserting that the true motivation behind the denial of his permit application was an illegal desire expressed by the Ecorse mayor to ban all mobile homes from Ecorse. That however distorts the record,[8] which reflects not an outright ban on mobile homes in Ecorse but rather a statement totally in synch with the Building Department's evaluation of Brown's application and its rejection of that application on the bases of aesthetics and conformity with the neighborhood, both of those being legitimate state concerns (see, e.g., Robinson Twp., 302 N.W.2d at 149).

---

[7] As stated earlier, that obviates any need to turn to Brown's second contention. But we note as well that Brown could not bootstrap himself into Fourteenth Amendment protection by claiming a property interest in certain procedures that he charges were not followed by Ecorse (see, e.g., Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir. 2007) and cases cited there).

[8] In an impermissible departure from the record, Brown's appellate brief quotes the mayor as purportedly having said that he "did not want modular houses built in the City," a statement notably absent from the actual evidence -- Brown's deposition and affidavit. That reflects an effort to liken this case to Robinson Twp. v. Knoll, 302 N.W.2d 146, 149 (Mich. 1981), which held that "[t]he per se exclusion of mobile homes from all areas not designated as mobile home parks has no reasonable basis under the police power, and is therefore unconstitutional." But no litigant is of course entitled to reshape the facts in the record to fit the law.

6

**CONCLUSION**

For the reasons we have explained, Brown's lack of a property interest disentitles him from invoking the Fourteenth Amendment and hence compels rejection of his Section 1983 claim. We therefore affirm the district court's order granting Ecorse's motion for summary judgment.