JAMES G. CARR, District Judge,
dissenting.
Because my understanding of the law controlling an aspect of the case before us differs from that of the majority, I respectfully dissent.
The Due Process Clause of the Fourteenth Amendment provides that no State shall “deprive any person of life, liberty, or property without due process of law.” U.S. Const. Amend. XIV, § 1. To establish *356 a procedural due process violation under 42 U.S.C. § 1983, Wedgewood must show that “ ‘(1) [it] had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford [it] adequate procedural rights prior to depriving [it] of the property interest.’ ” Waeschle v. Dragovic, 576 F.3d 539, 544 (6th Cir.2009) (quoting Women’s Med. Prof'l Corp. v. Baird, 438 F.3d 595, 611 (6th Cir.2006)); see also Med. Corp. v. City of Lima, 296 F.3d 404, 409 (6th Cir.2002).
“To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead have a legitimate claim of entitlement to it.” Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
In sum, “a party cannot possess a property interest in the receipt of a benefit when the state’s decision to withhold the benefit is wholly discretionary.” Med. Corp., 296 F.3d at 409. To assert a property interest, a party must point to a “policy, law, or mutually explicit understanding that both confers the benefit and limits the discretion of the City to the rescind the benefit.” Id. at 410.
“Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.” Roth, 408 U.S. at 577, 92 S.Ct. 2701.
In Ohio, a property owner’s right to an existing zoning classification vests “upon the filing of the application for the [building or zoning] permit.” Gibson v. City of Oberlin, 171 Ohio St. 1, 167 N.E.2d 651, 654 (1960); Zaremba Dev. Co. v. City of Fairview Park, 84 Ohio App.3d 174, 616 N.E.2d 569, 571 (1992).
Wedgewood did not have an application for a zoning permit or certificate pending at the time the Trustees enacted the Instructions. The Commission denied Wedgewood’s variance application and Wedgewood subsequently withdrew it pri- or to the Trustees’ enactment of the Instructions.
The parties do not dispute that Wedge-wood submitted its second application for a certificate on June 29, 2004, after the Trustees enacted the Instructions.
Because Wedgewood did not have an application pending at the time of the amendment, it did not, under Gibson and Zaremba, have a vested property interest in the zoning classification of the parcel at issue.
I understand the majority opinion to hold that Articles XIV § 14.06(F) and XXVII of the Liberty Township Zoning Resolution, Ohio Rev.Code § 519.12, and the WCCDP itself, with the accompanying notice and hearing requirements, create a property interest in the zoning classification. This is so, the majority indicates, because the procedural requirements which the corresponding legislative bodies prescribe serve as a “limit on discretion” sufficient to create procedural due process rights and, ergo, a property interest results.
Limits on discretion create property interests, according to my understanding, only when those limits are substantive. Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 520 (6th Cir.2007) (“state procedural requirements cannot be the types of ‘limits on discretion’ that are sufficient to find a property interest. In order for limits on discretion to create property interests, they must be substantive limits on discretion.”) (emphasis in original). *357 State procedural requirements are not sufficient. Id.; see also Ziegler v. Aukerman, 512 F.3d 777, 787 (6th Cir.2008) (holding that failure to provide a procedure required by state law does not inherently amount to a federal due process violation); Brown v. City of Ecorse, 322 Fed.Appx. 443, 446 n. 7 (6th Cir.2009) (unpublished disposition) (“[Plaintiff] could not bootstrap himself into Fourteenth Amendment protection by claiming a property interest in certain procedures that he charges were not followed by [defendant].”).
The fact that the state provides procedural rights, such as notice and a hearing, to protect substantive rights does not change this fact. Experimental Holdings, 503 F.3d at 520. For example:
There would be a substantive limit on discretion if, for instance, a state could not refuse to renew a certain occupational license unless the licensee overcharged customers. The fact that the state gives the licensee certain procedural rights in determining the substantive right (e.g., an oral hearing, appointed counsel, or two administrative appeals) does not turn those procedural rights into federal due process rights. Nor could it, without simply rendering state procedural law enforceable in federal court.

Id.

In the district court case relied on by the majority, Stile v. Copley Twp., 115 F.Supp.2d 854, 865 (N.D.Ohio 2000), the court held that a zoning commission’s amendment of the zoning code violated due process because the township had not provided adequate notice and hearing procedures. Id.
In a footnote — and in response to defendants’ argument that plaintiffs rights had not vested under Zaremba because he had not “complied] with all the legislative requirements for the procurement of a [zoning certificate]” — the court in Stile found “the argument of defendants to be no more than a red herring.” Id. at 865 n. 21.. The court stated “here, the issue is whether the Zoning Commission had the authority under Ohio law to take the action that it did.” Id.[1]
The majority relies on the court’s statement as support for its contention that a property right exists in the instant case. The majority also states that in SuperValu Holdings, Inc. v. Jackson Ctr. Assoc., LP., 2006 WL 1843588, at *8 (Ohio Ct.App. 2006), the Ohio Court of Appeals confirmed the property interest found by the court in Stile. For three reasons, I do not believe that Stile and SuperValu support the outcome reached by the majority.
First, the plaintiff in Stile had an application pending for a zoning certificate when the Zoning Commission amended the development plan. In fact, the court in Stile stated: “Under Ohio law, a property owner’s right to an existing zoning classification vests upon the submission of an application for a building or zoning certificate.” 115 F.Supp.2d. at 865 n. 21 (citing Zaremba, 616 N.E.2d at 571). This fact distinguishes the circumstances in Stile from those here, where Wedgewood had *358 no application pending when the Trustees changed the rules.
That the court in Stile then discounted defendants’ argument that plaintiffs property right “did not vest under Zaremba because he did not comply with all the legislative requirements for the procurement of a zoning certificate,” id, is inapposite here. The district court’s citation of Zaremba shows it was not disregarding the application requirement of Zaremba, even assuming it could have done so.
Most simply put, the landowner in Stile was not, as Wedgewood does here, asserting it had a property right, absent a pending application for a building or zoning certificate, when the change in zoning occurred.
Second, though I agree with the majority that the Ohio Court of Appeals recognized the holding of Stile in SuperValu Holdings, I disagree with the majority’s interpretation of this recognition.
The Ohio Court of Appeals simply distinguished Stile, stating:
The principal case cited by appellant, Stile, is inapplicable. In Stile, a township zoning commission eliminated a “permitted use” in a Planned Development District where the plaintiff owned property. The plaintiff had intended to sell part of his property to an automobile dealership, but such a sale was not feasible following the elimination of “community/regional sales” as a “permitted use.” In Stile, state action affected the plaintiffs property rights by restricting how the plaintiff could use his property. In this case, Union Township’s enactment of its zoning amendments did not affect Supervalu’s property rights. Specifically, the enactment of the amendments did not affect the validity or the enforceability of the restrictive covenants.
SuperValu Holdings, 2006 WL 1843588, at *4.
Although the court in SuperValu recognized, in passing, the property right identified in Stile, it did not mention Zaremba, or Gibson. Had the court in SuperValu interpreted Stile as broadly as the majority seems to envision — as overruling or distinguishing the Zaremba/Gibson requirement that property rights vest only on submission of an application for a zoning permit or certificate — one would expect at least a passing reference to these cases. This is particularly true with regard to Gibson, as it is an Ohio Supreme Court case and binding authority.
Third, and most importantly, were the decision of the district court in Stile as broad as the majority suggests, that holding would contradict binding Sixth Circuit law, as exemplified by and enunciated so clearly in Experimental Holdings, 503 F.3d at 520. To repeat what that court stated and so clearly, emphatically and unequivocally declared: “state procedural requirements cannot be the types of ‘limits on discretion’ that are sufficient to find a property interest. In order for limits on discretion to create property interests, they must be substantive limits on discretion.”
So established and stated, this rule draws the proverbial bright line for all'— landowners, developers and governmental bodies.
Because Wedgewood had no application pending at the time of the amendment, and because procedural limits on discretion cannot, under the law of Ohio and precedents of this Court, create a property interest, Wedgewood did not have a vested property interest in any particular zoning classification. It, therefore, cannot establish a due process violation.
For these reasons, I respectfully dissent.

. I note parenthetically that immediately preceding the quote on which the majority relies, the court in Stile also stated in response to defendants' argument:
However, the Township Zoning Regulations also require action on an application within 30 days. The township has offered no explanation as to why the Zoning Inspector chose to sit on the application rather than extending the applicant the courtesy of a telephone call to tell him that his application was not in compliance with the regulations.
115 F.Supp.2d at 865 n. 21 (internal quotation omitted).